[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 413.]

THE STATE EX REL. WILLIAMS, APPELLANT, *v*. BRIGANO, WARDEN, APPELLEE.

[Cite as *State ex rel. Williams v. Brigano*, 1997-Ohio-210.]

*Habeas corpus not available to review irregularities of nonjurisdictional nature—Appeal is proper remedy for alleged violation of speedy trial right—Issue previously raised on direct appeal—Denial of writ affirmed.*

(No. 96-2752—Submitted March 18, 1997—Decided May 14, 1997.)

Appeal from the Court of Appeals for Warren County, No. CA96-10-108.

———————————

{¶ 1} In 1992, the Hamilton County Court of Common Pleas convicted appellant, Donald L. Williams, Sr., of nine counts of aggravated burglary and one count of attempted aggravated burglary with various specifications and sentenced him accordingly. On appeal, the Court of Appeals for Hamilton County rejected Williams's argument that his right to a speedy trial had been violated and affirmed the judgment of the trial court. We dismissed Williams's subsequent appeal.

{¶ 2} In 1996, Williams, incarcerated at the Warren Correctional Institution, filed a petition in the Court of Appeals for Warren County for a writ of habeas corpus. Williams claimed that he was entitled to release from prison because he was denied his right to a speedy trial. The court of appeals *sua sponte* dismissed the petition.

{¶ 3} The cause is now before this court upon an appeal as of right.

———————————

*Donald L. Williams, Sr., pro se*.

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee, Anthony Brigano, Warden.

———————————

*Per Curiam*.

**{¶ 4}** Williams asserts that the court of appeals erred in dismissing his habeas corpus petition. Williams's assertion lacks merit for the following reasons.

**{¶ 5}** First, a claimed denial of the right to a speedy trial is not cognizable in habeas corpus. *State ex rel. Dotson v. Rogers* (1993), 66 Ohio St.3d 25, 607 N.E.2d 453. Instead, appeal is the appropriate remedy to raise this claim. *Russell v. Tate* (1992), 64 Ohio St.3d 444, 444-445, 596 N.E.2d 1039, 1040.

**{¶ 6}** Second, the speedy trial issue has been previously adjudicated on direct appeal, and *res judicata* bars Williams from relitigating the issue in a habeas corpus action. *Id.*, 64 Ohio St.3d at 445, 596 N.E.2d at 1040.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————