JOURNAL ENTRY AND OPINION
{¶ 1} On February 16, 2007, relator James Pesci commenced this prohibition action against Judge Peggy Foley Jones, Prosecutor William D. Mason, Court Reporter Lino Desapri, and Gerald E. Fuerst. In his petition, Pesci claims that his speedy trial rights were violated due to the deception of the lower court and the prosecuting attorney. Thereafter, on April 13, 2007, the State of Ohio, through the Cuyahoga County prosecutor's office, filed a motion to dismiss. Pesci submitted his response to the motion to dismiss on April 23, 2007. For the following reasons, we grant the motion to dismiss.
 {¶ 2} Initially, we find that Pesci's petition is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. Pesci's failure to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court ofCommon Pleas of Allen City (1962), 173 Ohio St. 226, 181 N.E.2d 270;Dunning v. Cleary, et al. (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Pesci also failed to support his petition with an affidavit "specifying the details of the claim" as required by Loc. R. 45(B)(1)(a).State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 4} Despite the aforesaid procedural defects, a review of the petition fails to establish that Pesci is entitled to a writ of prohibition. In order to be entitled to a writ *Page 4 
of prohibition, Pesci must establish that the respondents will or are about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that the denial of the writ will cause injury to relator, for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin,80 Ohio St.3d 335, 1997-Ohio-0202, 686 N.E.2d 267; State ex rel. Largent v.Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239.
 {¶ 5} In this matter, Pesci failed to establish that Prosecutor William Mason, Court Reporter Lino Desapri, or Clerk of Courts Gerald Fuerst are exercising or are about to exercise any judicial or quasi-judicial authority. Furthermore, Pesci's claim that he was denied the right to a speedy trial in his underlying matters must be raised on appeal rather than by extraordinary writ. State ex rel. Williams v.Brigano, 78 Ohio St.3d 413, 1997-Ohio-210, 678 N.E.2d 568; Russell v.Tate (1992), 64 Ohio St.3d 444, 596 N.E.2d 1039; State ex rel. Bell v.Blair (1975), 43 Ohio St.2d 95, 330 N.E.2d 902; Novak v. State ofOhio (July 12, 2000), Cuyahoga App. No. 78263.
 {¶ 6} Accordingly, we grant the State's motion to dismiss. Relator to bear costs. It is further ordered that the clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B). Petition Dismissed.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
COLLEEN CONWAY COONEY, J., and *Page 5 
ANN DYKE, J., CONCUR *Page 1