THE STATE EX REL. PESCI, APPELLANT, *v.* LUCCI, JUDGE, APPELLEE.

[Cite as *State ex rel. Pesci v. Lucci,*
115 Ohio St.3d 218, 2007-Ohio-4795.]

(No. 2007–0842—Submitted September 12, 2007—Decided September 20, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of prohibition to vacate a criminal conviction and sentence. Because the true objective of the prohibition claim is to secure the convict's release from prison, we affirm the denial of the writ.

{¶ 2} In 2001, appellant, James E. Pesci, was convicted of three counts of burglary and sentenced to prison. On appeal, the court of appeals affirmed the judgment of conviction and sentence. *State v. Pesci,* Lake App. No. 2001–L–026, 2002-Ohio-7131, 2002 WL 31866167. We did not accept Pesci's discretionary appeal for review. *State v. Pesci,* 98 Ohio St.3d 1566, 2003-Ohio-2242, 787 N.E.2d 1231.

{¶ 3} In 2006, Pesci filed a petition in the Court of Appeals for Lake County for a writ of prohibition to stop "the trial court's judicial power" in his criminal case. Pesci claimed that the judge who presided over his criminal trial in the Lake County Common Pleas Court lacked jurisdiction to proceed in that case because of an improperly reinstated indictment. Judge Lucci filed a motion to dismiss or, in the alternative, for summary judgment. In his response to Judge Lucci's motion, Pesci claimed that the trial court lacked jurisdiction to convict and sentence him because of the improperly reinstated indictment and the denial of

his right to a speedy trial. In March 2007, the court of appeals granted Judge Lucci's motion for summary judgment and denied the writ.

{¶ 4} In his appeal as of right, Pesci claims that the court of appeals erred in denying his requested extraordinary relief in prohibition. In a memorandum in support of jurisdiction, Pesci requests that we declare his criminal case void and release him from prison. In his merit brief, Pesci claims that he is entitled to the requested writ because the trial court denied him his right to a speedy trial.

{¶ 5} We affirm the judgment of the court of appeals. Pesci requests release from prison, "but habeas corpus, rather than prohibition, is the appropriate action to obtain this type of relief." *State ex rel. Foster v. Belmont Cty. Court of Common Pleas,* 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5; *State ex rel. Nelson v. Griffin,* 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 5.

{¶ 6} Moreover, Pesci's claims that he was denied his right to a speedy trial and that his indictment was invalid are not cognizable in an extraordinary-writ proceeding because he had an adequate remedy by way of appeal to raise these claims. *State ex rel. Hamilton v. Brunner,* 105 Ohio St.3d 304, 2004-Ohio-1735, 825 N.E.2d 607, ¶ 7; *State ex rel. Dix v. McAllister* (1998), 81 Ohio St.3d 107, 108, 689 N.E.2d 561.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

James E. Pesci, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellee.