JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relator, Bruce A. Jackim, is the defendant in State v.Jackim, Cuyahoga County Court of Common Pleas Case No. CR-439646, which has been assigned to respondent judge. In State v. Jackim, Cuyahoga App. Nos. 87012 and 87400, 2006-Ohio-4756, this court reversed Jackim's conviction for assault of a police officer and resisting arrest. Jackim was charged after he struggled with a police officer at a Sam's Club. This court held that the trial court erred by granting the state's motion in limine to prevent the introduction of or any mention of a surveillance video tape of the incident and remanded the case to the trial court for a new trial.
 {¶ 2} In this action, Jackim contends that respondent lacks subject matter jurisdiction to conduct a second trial because the court had not commenced the original trial until after the speedy trial time had elapsed. That is, through various filings in the trial court, Jackim has insisted that the original trial did not begin within the time authorized. He also included a reference to the issue of the purported speedy trial violation in his appellant's brief before this court (as part of the argument in support of his first assignment of error that the trial court committed plain error by denying his motion for acquittal under Crim.R. 29). Nevertheless, the essence of Jackim's argument is that he is entitled to relief in prohibition to prevent retrial in Case No. CR-439646 because his speedy trial rights have been violated.
 {¶ 3} The criteria for the issuance of a writ of prohibition are well-established. "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the *Page 4 
[respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin
(1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268." State ex rel.Wright v. Ohio Bur of Motor Vehicles, 87 Ohio St.3d 184, 185,1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 4} Courts implement these criteria by applying a two-part test. "A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel. East Mfg.Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179; Dayton Metro.Hous. Auth. v. Dayton Human Relations Council (1992),81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990),55 Ohio St.3d 98." State ex rel. Wright v. Registrar, Bur. of MotorVehicles (Apr. 29, 1999), Cuyahoga App. No. 76044, at 3., affirmed inWright, supra.
 {¶ 5} Jackim contends that respondent patently and unambiguously lacks jurisdiction to proceed to retrial in Case No. CR-439646 because the court of common pleas did not commence his first trial within the speedy trial time. Nevertheless, a defendant's "claim that he was denied the right to a speedy trial in his underlying matters must be raised on appeal rather than by extraordinary writ. *Page 5 State ex rel. Williams v. Brigano, 78 Ohio St.3d 413, 1997 Ohio 210,678 N.E.2d 568; Russell v. Tate (1992), 64 Ohio St.3d 444, 596 N.E.2d 1039;State ex rel. Bell v. Blair (1975), 43 Ohio St.2d 95, 330 N.E.2d 902;Novak v. State of Ohio (July 12, 2000), Cuyahoga App. No. 78263."Pesci v. Foley Jones, Cuyahoga App. No. 89437, 2007-Ohio-2248, at § 5. See also State ex rel. Pesci v. Lucci, 115 Ohio St.3d 218,2007-Ohio-4795, 874 N.E.2d 774, at § 6 (appeal by the same relator as in Case No. 89437 from the Court of Appeals for Lake County).
 {¶ 6} Although Jackim asserts that the purported error of the court of common pleas in failing to commence his initial trial within the speedy trial time is jurisdictional, the well-established holdings in thePesci cases require that we reject Jackim's argument. An original action seeking a writ of prohibition is not the appropriate remedy for asserting a violation of one's right to a speedy trial. These authorities require the conclusion that the denial of a defendant's motion to dismiss a criminal prosecution for failure to provide the defendant a speedy trial does not provide a basis for establishing that the respondent court is patently and unambiguously without jurisdiction. Rather, appeal is an adequate remedy in the ordinary course of the law.
 {¶ 7} Jackim also complains that prohibition lies because "[i]t is unreasonable to force the Relator to go through the expense and costs of a second trial * * *." Complaint, at [23. "Additional delay, inconvenience and expense does not render appeal an inadequate remedy.State ex rel. Casey Outdoor Advertising, Inc. v. Ohio *Page 6 Department of Transportation (1991), 61 Ohio St. 3d 429,575 N.E.2d 181." State ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387, 391-392,668 N.E.2d 996, quoted with approval in State ex rel. Westlake v.Corrigan, Cuyahoga App. No. 86575, 2006-Ohio-3323, at § 14, affirmed112 Ohio St.3d 463, 2007-Ohio-375, 860 N.E.2d 1017. Jackim's argument regarding the expense of retrial does not, therefore, provide a basis for granting relief in prohibition. As a consequence, Jackim has failed to meet the criteria for prohibition.
 {¶ 8} Accordingly, we dismiss this action sua sponte for failure to state a claim upon which relief can be granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
SEAN C. GALLAGHER, JUDGE
 FRANK D. CELEBREZZE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1