THE STATE EX REL. CUNNINGHAM, APPELLANT,
*v.* REED, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Cunningham v. Reed,*
117 Ohio St.3d 184, 2008-Ohio-855.]

(No. 2007–2188—Submitted February 27, 2008—Decided March 5, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of prohibition to prevent a common pleas court and one of its judges from proceeding with a new sentencing hearing. Because the appellant essentially seeks release from prison, we affirm the judgment of the court of appeals.

{¶ 2} In 1997, appellant, Greg Cunningham, pleaded guilty to a charge of felonious assault with a gun specification and was sentenced to a term of eight years in prison, to be served consecutively to his sentence in a separate criminal case. On October 15, 2007, appellee Judge Jeffrey L. Reed of appellee Allen County Court of Common Pleas held a new sentencing hearing to properly advise Cunningham of the imposition of postrelease control. In his judgment entry of sentencing, Judge Reed imposed an eight-year aggregate prison sentence and a term of postrelease control. A few days later, Judge Reed issued a nunc pro tunc entry to specify that the sentence in that case would be served consecutively to the sentence in the other criminal case and scheduled another hearing for November to impose the consecutive sentence.

{¶ 3} On October 30, 2007, Cunningham filed in the Court of Appeals for Allen County an emergency petition for a writ of prohibition to prevent Judge Reed and the common pleas court from conducting the November sentencing hearing. Cunningham claimed that no further proceedings were authorized because his "sentence of incarceration has expired and he should be released from prison to begin his period of Post–Release Control." Cunningham also requested that if the court of appeals granted an alternative writ, it should also release him during the pendency of the case.

{¶ 4} Judge Reed held the hearing on November 5 and issued an amended judgment entry of resentencing. He and the common pleas court then filed a motion to dismiss Cunningham's petition based on mootness due to the resentencing. The court of appeals granted the motion and dismissed the petition. The

court of appeals held that the issue was rendered moot when the hearing was conducted and that Cunningham had an adequate remedy at law by appeal to challenge the validity of the trial court's resentencing judgment.

{¶ 5} In his appeal as of right, Cunningham asserts that the court of appeals erred in dismissing his petition. As Judge Reed concedes on appeal, Cunningham is correct that a " 'prohibition action is not necessarily rendered moot when the act sought to be prevented occurs before a court can rule on the prohibition claim.' " *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 15, quoting *State ex rel. Consumers' Counsel v. Pub. Util. Comm.,* 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 11. "Prohibition is not limited to prevention of *future* unauthorized judicial or quasi-judicial actions." (Emphasis sic.) *Consumers' Counsel* at ¶ 11.

{¶ 6} Nevertheless, we will not reverse a correct court of appeals judgment based on a possibly erroneous rationale. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 141, 684 N.E.2d 1227. Cunningham's prohibition claim lacks merit because he essentially requests release from prison, but "habeas corpus, rather than prohibition, is the appropriate action to obtain this type of relief." *State ex rel. Foster v. Belmont Cty. Court of Common Pleas,* 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5; *State ex rel. Pesci v. Lucci,* 115 Ohio St.3d 218, 2007-Ohio-4795, 874 N.E.2d 774, ¶ 5.

{¶ 7} Based on the foregoing, because Cunningham filed the wrong action, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Kenneth J. Rexford & Co., L.L.C., and Kenneth J. Rexford, for appellant.

Juergen A. Waldick, Allen County Prosecuting Attorney, and Jana E. Emerick, Assistant Prosecuting Attorney, for appellee Judge Jeffrey L. Reed.