[Cite as *Starr v. Cuyahoga Cty. Court of Common Pleas*, 2012-Ohio-2214.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97759**

## CHRISTOPHER S. STARR

RELATOR

vs.

## THE CUYAHOGA COUNTY COURT OF COMMON PLEAS

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Prohibition
Motion Nos. 451312 and 451706
Order No. 454684

**RELEASE DATE:** May 14, 2012

**FOR RELATOR**

Christopher S. Starr, Pro Se
1374 East 25th Street
Cleveland, OH    44114


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

BY:    James E. Moss
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Relator, Christopher Starr, was the defendant in *State v. Starr*, Cuyahoga C.P. No. CR-554989 (Feb. 28, 2012). He requests that this court issue a writ of prohibition against respondent court because he has not been permitted to represent himself and be present at all proceedings and because the county jail does not provide materials needed to process his case. He also complains that respondent has not ruled on his pro se motions.

{¶2} The criteria for the issuance of a writ of prohibition are well-established.

> In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.

*State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908. If, however, the respondent court is patently and unambiguously without jurisdiction, the relator need not demonstrate the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶3} Respondent has filed a motion for summary judgment. In addition to identifying several defects in the materials supporting relator's complaint, respondent argues that Starr is not entitled to relief in prohibition. We agree.

**{¶4}** Initially, we note that a review of the docket in Case No. CR-554989 reflects that Starr was indicted on three counts, pled guilty to one, and the other two were nolled. The court of common pleas sentenced him to time served and ordered him released. Case No. CR-554989 was, therefore, concluded and this action in prohibition is moot.

**{¶5}** This action also fails on the merits. Starr does not dispute that the court of common pleas has jurisdiction over his criminal case. He also does not demonstrate that an appeal from his criminal case would not have been an adequate remedy.

**{¶6}** To the extent that he complains regarding the lack of a ruling on several motions, respondent has attached to the motion for summary judgment a copy of an entry disposing of Starr's pro se motions. Starr's claim is, therefore, moot.

**{¶7}** To the extent that he complains regarding the conditions in the county jail, the court of common pleas is clearly not the correct party.

**{¶8}** Finally, as identified in respondent's motion for summary judgment, the supporting materials accompanying the complaint are defective. He purports to submit "affidavits" of indigency and verity but neither of these is notarized. Affidavits must be notarized to comply with the requirement of Loc.App.R. 45(B)(1)(a) that the complaint "must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." Likewise, Starr has not included a notarized affidavit in response to the requirement of R.C. 2969.25(A) that an "inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The absence of these

notarized affidavits provides a basis for dismissal of this action. *State ex rel. McGrath v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 89924, 2007-Ohio-4442.

{¶9} Starr also failed to comply with the requirement of R.C. 2969.25(C) that he support his complaint with: "(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" As a consequence, we deny Starr's claim of indigency and order him to pay costs. *State ex rel. Tate v. Callahan*, 8th Dist. No. 85615, 2005-Ohio-1202.

{¶10} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The court directs the clerk to serve notice of this judgment and date of entry upon all parties pursuant to Civ.R. 58(B).

{¶11} Writ denied.

---

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR