[Cite as *State ex rel. Thigpen v. Sutula*, 2014-Ohio-611.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100862**

# STATE OF OHIO, EX REL. LORENZO THIGPEN

RELATOR

vs.

# HONORABLE KATHLEEN ANN SUTULA

RESPONDENT

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Prohibition
Motion No. 471923
Order No. 472060

**RELEASE DATE:** February 14, 2014

**FOR RELATOR**

Lorenzo Thigpen, pro se
S.O. #172437
P.O. Box 5600
Cleveland, OH   44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James E. Moss
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1} Lorenzo Thigpen has filed a complaint for a writ of prohibition. Thigpen seeks an order from this court that prevents Judge Kathleen Ann Sutula from proceeding to trial in *State v. Thigpen*, Cuyahoga C.P. No. CR-563007. Thigpen argues that a violation of his right to a speedy trial prevents Judge Sutula from proceeding to trial. For the following reasons, we grant Judge Sutula's motion to dismiss.

{¶2} Initially, we find that Thigpen has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that a complaint for a writ of prohibition must be supported by a sworn and notarized affidavit that specifies the details of his claim for relief. *Starr v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 97759, 2012-Ohio-2214; *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 92826, 2009-Ohio-1612; *State ex rel. Santos v. McDonnell*, 8th Dist. Cuyahoga No. 90659, 2008-Ohio-214; *Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324.

{¶3} Thigpen has also failed to comply with R.C. 2969.25(A), which requires the attachment of a notarized affidavit to the complaint for a writ of prohibition that describes each civil action or appeal filed within the previous five years in any state or federal court. *Starr, supra*; *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242.

**{¶4}** Finally, Thigpen's claim of a violation of his right to a speedy trial is not cognizable through a writ of prohibition. *State ex rel. Jackim v. Ambrose*, 118 Ohio St.3d 512, 2008-Ohio-3182, 890 N.E.2d 324. A speedy trial violation claim can only be addressed through an appeal, which constitutes an adequate remedy in the ordinary course of the law. *State ex rel. Pesci v. Lucci*, 115 Ohio St.3d 218, 2007-Ohio-4795, 874 N.E.2d 774.

**{¶5}** Accordingly, we grant Judge Sutula's motion to dismiss Thigpen's complaint for a writ of prohibition. Costs to Thigpen. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶6}** Complaint dismissed.


SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR