JOURNAL ENTRY AND OPINION
{¶ 1} Bruce Jackim appeals his conviction on one count of assault of a police officer and one count of resisting arrest. He claims error in the trial court's denial of his motion for acquittal and in its failure to enforce subpoenas to material witnesses. He additionally claims error in the trial court's suppression of a videotape and in the denial of his motion for a new trial in light of prosecutorial misconduct. We reverse and remand for a new trial.
 {¶ 2} On May 25, 2003, Jackim and his wife, Nina Lynn Jurick Jackim, were shopping at Sam's Club in the city of Brooklyn, Ohio. After the cashier finished ringing their order, Jackim questioned her as to why the tax-exempt status of his Sam's Club business account was not appearing because the receipt showed a charge of $3.01 for sales tax. The cashier called Supervisor Ann Cefus for assistance. Ms. Cefus escorted the Jackims to the Customer Service Counter, where she referred them to Amy Valentine, Customer Service Clerk. Ms. Valentine took the Jackims' business account card and sales receipt and proceeded to check the account status.
 {¶ 3} When Ms. Valentine was unable to find any proof of tax-exempt status, she referred the Jackims to manager Suzanne Kellar, who was unable to immediately assist them because she was with another customer. Apparently unwilling to wait for Ms. Kellar to finish with the other customer, Jackim vocalized his agitation.
 {¶ 4} When Jackim allegedly began to complain loudly, Dan Meadows, a Brooklyn police officer and Sam's Club security guard, approached Jackim. Officer Meadows asked him several times to calm down and twice asked for his identification. The acts that followed this conversation are disputed; however, the record indicates that Jackim and Officer Meadows engaged in a struggle. An altercation ensued, during which the pair fell on the ground. Officer Meadows attempted to handcuff Jackim, who was resisting, and used pepper spray to force Jackim's cooperation. Two other off-duty officers and one store employee helped subdue Jackim so Officer Meadows could restrain him. After the altercation, it was apparent to several witnesses that Officer Meadows' arm was bleeding; these same witnesses heard the officer say that Jackim bit him. Officer Meadows was briefly treated for his injuries at the store and was then taken to Deaconess Hospital for further treatment. He was later released.
 {¶ 5} On July 11, 2003, Jackim was indicted on one count of felonious assault of a police officer, in violation of R.C.2903.11; assault on a police officer, in violation of R.C.2903.13; and resisting arrest, in violation of R.C. 2921.33. On July 25, 2003, Jackim pleaded not guilty.
 {¶ 6} On July 18, 2005, the State filed a motion in limine to exclude the surveillance videotape, which was granted the following day.
 {¶ 7} On July 20, 2005, a jury trial began. Jackim was found not guilty of felonious assault, in violation of R.C. 2903.11; guilty of the lesser included offense of assault, with a police officer specification, in violation of R.C. 2935.01; and guilty of resisting arrest. Jackim was sentenced to one year of community control sanctions. He appeals from this sentence in Court of Appeals Case No. 87012.
 {¶ 8} On November 1, 2005, Jackim moved for a new trial, citing the newly discovered evidence of a police report and the statements of two witnesses. This motion was denied as moot, and Jackim moved for reconsideration. When the trial court denied the motion for reconsideration, Jackim again appealed in Court of Appeals Case No. 87400. Both cases were consolidated by this court for purposes of appeal.
 {¶ 9} We will address the second assignment of error which we find dispositive.
 {¶ 10} In his second assignment of error, Jackim asserts error in the trial court's granting of the State's motion in limine excluding the surveillance videotape and any testimony or reference at trial that related to this tape. He contends that the videotape recorded the behavioral actions and conduct of the police and their mistreatment of him, and asserts that had the videotape and related witness testimony been introduced, he would have been acquitted of all charges. As we find this assignment of error dispositive, we address it first.
 {¶ 11} This court discussed the standard of review for a ruling on a motion in limine in Hocevar v. Rao, (Dec. 3, 1998), Cuyahoga App. No. 72671:
"* * * it is well established that a trial court's determination whether to admit or exclude evidence will not be reversed on appeal absent a clear and prejudicial abuse of discretion. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163."
 {¶ 12} The admission and exclusion of evidence at trial is left to the discretion of the trial court. State v. Dukes (Mar. 22, 1996), Trumbull App. No. 93-T-4903. A reviewing court will not reverse an evidentiary determination of the trial court absent an abuse of discretion. State v. Hardy (Oct. 10, 1997), Portage App. No. 96-P-0129. In State v. Rhodes, Lake County App. No. 2000-L-089, 2001-Ohio-8693, at 16, the court addressed a similar issue involving the admission of audiotapes. The court found that when presenting evidence, the State bears the burden of establishing a chain of custody, and any breaks in that chain of custody relate to the weight, and not the admissibility, of that evidence. Moreover, "`the state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur,'" and any breaks in the chain of custody go to the weight of the evidence, not the admissibility. Rhodes, supra, quoting State v. Blevins (1987), 36 Ohio App.3d 147, 150.
 {¶ 13} We first address Jackim's failure to proffer any supporting evidence. Jackim failed to proffer his copy of the Sam's Club videotape and, instead, proffered two still photographs from the videotape. See Exhibit H. He also failed to proffer the expert report, affidavit, and curriculum vitae of his expert, Tex Bynum. By failing to proffer this evidence, Jackim has waived all but plain error. State v. Hartman,93 Ohio St.3d 274, 281, 2001-Ohio-1580; State v. Allen, 73 Ohio St.3d 626,634, 1995-Ohio-283. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. An alleged error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Stojetz,84 Ohio St.3d 452, 455, 1999-Ohio-464.
 {¶ 14} Bearing this standard in mind, we note that the record reflects that in its motion in limine, the State challenged the authenticity of the original Sam's Club surveillance tape. It claimed that Jackim could not authenticate or identify that the copy of the Sam's Club tape in Jackim's possession was a duplicate of the original. The State also claimed that Jackim could not establish the chain of custody as set forth in Rule 901 for the admission of evidence, citing to State v. Brown (1995),107 Ohio App.3d 194, 200. Evid.R. 901(A) states the following:
"(A) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
 {¶ 15} In examining the chain of custody, the trial court articulated its concern that Jackim's original counsel, Nancy Scarcella (Scarcella), failed to appear for trial despite subpoenas from both the State and the defense. Tr. at 9. Defense counsel outlined the chain, stating that Suzanne Kellar gave the videotape in question to Scarcella. When Scarcella was discharged, she gave the tape to Jackim's new trial counsel. From that point, trial counsel gave the tape to Jackim, who then turned the tape over to his expert, Tex Bynum. Tr. at 6-8. Once Mr. Bynum finished his analysis of the tape, it was then returned to Jackim, who then turned over the tape to his new trial counsel. Tr. at 7. After outlining this chain of custody, the trial court found that anyone who had the tape in his or her custody, including trial counsel and Jackim, could be called as a witness. Tr. at 10. The court, however, originally found that because Scarcella failed to appear and because she was at the beginning of the chain of custody, the tape could not be used. Tr. at 10.
 {¶ 16} Jackim's trial counsel placed great emphasis on the fact that from the outset of the case, it was never presumed that the tape obtained from Sam's Club was the original. Evidence of this fact is proven when the State itself cites to its "Response to Request Under Discovery Under Rule 16," sent August 7, 2003, subsection (c), which discloses that the following items are in its possession:
"Prior to trial and at the convenience of defense counsel, the Prosecutor will permit inspection, copying and photographing of the items listed in Rule 16(B)(1)(c) and/or 16 (B)(1)(d).
NOTICE OF EVIDENCE:
— Photos
— Medical Records
— Videotape"
 {¶ 17} The State concedes that it had a continuing duty to update discovery and failed to do so. The State further concedes that even if the State suggested at the time of discovery that it had a tape, such a statement does not mean that they actually had a tape, only that "perhaps we thought it might exist and to cover ourselves." Tr. at 31.
 {¶ 18} Nonetheless, and despite the appearance that an original tape still existed, the trial court found that Scarcella's failure to appear provided a clear break in the chain of custody and, therefore, the introduction of the tape or any mention of it during the trial was disallowed. Tr. at 37-38.
 {¶ 19} However, any break in the chain of custody should have gone to the weight of the evidence, and not to its overall admissibility. By granting the State's motion in limine and prohibiting the introduction of the videotape or any mention of it during trial, the trial court's ruling went to the heart of Jackim's charges. Had the trial court allowed the videotape, the outcome of the trial clearly may have been different.
 {¶ 20} For these reasons, Jackim's second assignment of error has merit and requires a new trial.
 {¶ 21} Because we find the second assignment of error dispositive, the remaining assignments of error are moot and we need not address them. App.R. 12(A). We reverse and remand this case to the trial court for a new trial consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, Judge Cooney, P.J., and Blackmon, J., Concur.
 APPENDIX
ASSIGNMENTS OF ERROR
"I. THE TRIAL COURT COMMITTED PLAIN ERROR PURSUANT TO CRIMINALRULE 52 BY NOT GRANTING DEFENDANT'S MOTION FOR ACQUITTAL IN TOTALPURSUANT TO CRIMINAL RULE 29 WHERE THE RECORD REFLECTS THAT THEWARRANTLESS ARREST WAS NOT SUPPORTED BY A FINDING OF PROBABLECAUSE CONSTITUTING A STRUCTURAL ERROR IN THE PROCEEDING.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTINGTHE PROSECUTION'S MOTION IN LIMINE TO SUPPRESS THE SAM'S CLUBSURVEILLANCE VIDEOTAPE AND ANY REFERENCE OR TESTIMONY RELATED TOTHE SAM'S CLUB SURVEILLANCE VIDEOTAPE THROUGHOUT THE TRIALPROCEEDINGS.
 III. DEFENDANT WAS DENIED A FAIR TRIAL BY THE WITHHOLDING OF AMATERIAL, EXCULPATORY WITNESS BY THE PROSECUTION ACERBATED BY THETRIAL COURT'S FAILURE TO ENFORCE SUBPOENAS DIRECTED TO SAM'SCLUB
 TO PRODUCE RELEVANT EMPLOYEE INFORMATION FROM WHICH COUNSELFOR DEFENSE COULD HAVE IDENTIFIED THIS WITNESS.
 IV. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIRTRIAL THROUGH PROSECUTORIAL MISCONDUCT AND PERVASIVE BIAS SHOWNBY THE TRIAL COURT AS EVIDENCED BY NUMEROUS IRREGULARITIESTHROUGHOUT THE PROCEEDINGS.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYINGAPPELLANT'S MOTION FOR A NEW TRIAL AS MOOT WHEN CRIMINAL RULE33(A)(6) AND R.C. 2945.80 PROPERLY ALLOW THE FILING WITHIN 120DAYS OF THE VERDICT BASED ON NEWLY DISCOVERED EVIDENCE PERMITTINGTHE COURT OF APPEALS TO REMAND THE MATTER.
 VI. THE TRIAL COURT ERRED IN OVERRULING DEFENSE COUNSEL'SOBJECTION TO THE JURY INSTRUCTION FOR RESISTING ARREST 2921.33 ASCONTRARY TO THE EVIDENCE."