THE STATE EX REL. JACKIM, APPELLANT, *v.* AMBROSE, JUDGE, APPELLEE.

[Cite as *State ex rel. Jackim v. Ambrose,*
118 Ohio St.3d 512, 2008-Ohio-3182.]

(No. 2008–0168—Submitted June 24, 2008—Decided July 2, 2008.)

—————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing an action for a writ of prohibition to prevent a common pleas court judge from proceeding with a second trial in a criminal case based on the appellant's claim that his right to a speedy trial was violated in the original prosecution. Because the speedy-trial claim is not cognizable in an extraordinary-writ case, we affirm.

{¶ 2} In July 2003, appellant, Bruce A. Jackim, was indicted on one count of felonious assault of a police officer, one count of assault on a police officer, and one count of resisting arrest. Jackim subsequently filed a motion to dismiss the case based on a claimed violation of his right to a speedy trial. Following a jury trial, Jackim was convicted of assault of a police officer and resisting arrest and was sentenced to a six-month suspended jail sentence and one year of community control.

{¶ 3} On appeal, the Court of Appeals for Cuyahoga County reversed the judgment because the common pleas court had erred in granting a motion in limine excluding a surveillance videotape as well as reference to it at trial. *State v. Jackim,* Cuyahoga App. Nos. 87012 and 87400, 2006-Ohio-4756, 2006 WL 2639444. The court of appeals remanded the case for a new trial and ruled that Jackim's other claims were rendered moot because of the court's ruling. Id. at ¶ 21.

{¶ 4} On remand, Jackim again filed a motion to dismiss the case based upon a claimed violation of his right to a speedy trial.

{¶ 5} In December 2007, Jackim filed a petition in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent appellee, Judge Richard J. Ambrose of the Cuyahoga County Court of Common Pleas, from proceeding with Jackim's retrial because of the claimed speedy-trial violation.

{¶ 6} We affirm the judgment of the court of appeals. The claim that Jackim was denied his right to a speedy trial is not cognizable in an extraordinary-writ proceeding. *State ex rel. Pesci v. Lucci,* 115 Ohio St.3d 218, 2007-Ohio-4795, 874 N.E.2d 774, ¶ 6 (prohibition); *State ex rel. Hamilton v. Brunner,* 105 Ohio St.3d 304, 2004-Ohio-1735, 825 N.E.2d 607, ¶ 7 (mandamus); *Tisdale v. Eberlin,* 114 Ohio St.3d 201, 2007-Ohio-3833, 870 N.E.2d 1191, ¶ 7 (habeas corpus). He has an adequate remedy by way of appeal to raise this claim. *Pesci,* at ¶ 6. Appeal following final judgment is not rendered inadequate due to the potential time and

expense involved.  *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 17, 706 N.E.2d 765.

{¶ 7} We find no persuasive reason to depart from this well-settled precedent in this case.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Catherine M. Brady, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellee.