OPINION
{¶ 1} Defendant-appellant, Harry Barr, appeals the Judgment Entry of the Portage County Court of Common Pleas, in which he was sentenced for Attempted Rape, in violation of R.C. 2923.02. For the following reasons, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On July 18, 2006, Barr was secretly indicted by the Portage County Grand Jury on one count of Attempted Rape, a felony of the second degree, in violation of R.C. 2923.02, with a Sexually Violent Predator Specification as provided in R.C. 2941.148; Gross Sexual Imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(1); and Kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(4), with a Sexually Violent Predator Specification and a Sexual Motivation Specification as provided in R.C. 2941.148 and 2941.147b. A warrant was also issued that same day.
 {¶ 3} On December 13, 2006, Barr, who was incarcerated under another case, Case No. 2006 MS 00056, filed a single page, handwritten document with the Clerk of the Portage County Court of Common Pleas which stated the following:
 {¶ 4} "TO WHOM IT MAY CONCERN,
 {¶ 5} "I AM WRITEING (sic) TO REQUEST COPIES OF ANY UNTRIED INDICTMENTS, INFORMATION, OR COMPLAINTS I MAY HAVE PENDING IN YOUR COUNTY, ALSO ANY OF THE FOLLOWING.
 {¶ 6} "1) IF AND WHEN WAS A REQUEST FOR A WARRANT FILED?
 {¶ 7} "2) TO WHOM WAS REQUEST DIRECTED TO?
 {¶ 8} "3) WHAT COUNTY SHERIFFS (sic) OFFICE RECEIVED THE INDICTMENT AND WARRANT AND WHEN DID THEY RECEIVE THEM?
 {¶ 9} "AT THIS TIME I WOULD ALSO LIKE TO NOTIFY YOU THAT I AM INDIGENT AND THAT I AM REQUESTING A TIME STAMPED COPY OF THIS CORRESPONDENCE. ENCLOSED IS A S.AS.E.
 {¶ 10} "NAME: HARRY M. BARR *Page 3 
 {¶ 11} "S.S. #: [***-**-****]
 {¶ 12} "D.O.B.: 12-30-62
 {¶ 13} "THANK YOU FOR YOUR TIME AND CONSIDERATION IN THIS ABOVE STYLED MATTER."
 {¶ 14} A copy of the foregoing letter was served upon the Portage County Prosecutor on December 19, 2006.
 {¶ 15} Barr was served with a warrant on February 22, 2007. He was brought from the Lorain Correctional Institution to Portage County for purposes of arraignment. On February 26, 2007, Barr entered a plea of not guilty to the charges contained in the indictment.
 {¶ 16} On May 18, 2007, Barr filed a Motion to Dismiss, alleging that the State of Ohio, failed to bring him to trial within one hundred eighty days pursuant to R.C. 2941.401. Specifically, he asserted that he did not receive service of his indictment within three days of its filing pursuant to R.C. 2941.49; the state had a duty to notify the warden when the indictment was filed; and the state had a duty to use reasonable diligence to locate him when the indictment was filed. The state filed a response in opposition to Barr's Motion to Dismiss on September 11, 2007.
 {¶ 17} A hearing was held on September 12, 2007. The trial court subsequently denied Barr's Motion to Dismiss, finding that the indictment had been timely filed and that Barr had been brought before the court for arraignment in an appropriate, timely manner. At the hearing, Barr withdrew his former not guilty plea and entered a plea of no contest to count one of the indictment, charging him with Attempted Rape, a felony of the second degree. The state made a Motion to Dismiss the Sexually Violent *Page 4 
Predator Specification previously included with the Attempted Rape charge, which the court granted.
 {¶ 18} The trial court accepted Barr's plea of no contest and entered a nolle prosequi to the remaining counts of the indictment. Further, the court found that Barr stipulated to the finding of facts and found him guilty of Attempted Rape. The matter was referred to the Adult Probation Department for a statutory investigation and written report. Additionally, the trial court ordered appellant to complete a psychological examination.
 {¶ 19} In October of 2007, Barr filed several pro se motions seeking to dismiss on speedy trial grounds. The trial court overruled Barr's motions indicating that he had previously been afforded a hearing on the same issues.
 {¶ 20} A sexual predator hearing and a sentencing hearing were held on October 22, 2007. The trial court determined that there was not clear and convincing evidence to establish that Barr is a sexual predator. However, the trial court found him to be a habitual sexual offender for purposes of sex offender registration and notification in accordance with R.C. Chapter 2950.
 {¶ 21} The trial court sentenced appellant to eight years in prison, to run consecutive to the prison term he is presently serving, with credit for one hundred forty-seven days for time already served. The trial court notified Barr that after release from prison, he will be supervised under post release control.
 {¶ 22} Barr timely appeals and raises the following assignments of error:[1] *Page 5 
 {¶ 23} "[1.] The trial court erred as a matter of law in failing to dismiss the secret indictment against appellant where there was a 5-month delay between the return of the indictment and its service upon appellant.
 {¶ 24} "[2.] The trial court erred to the prejudice of appellant by overruling appellant's motion to dismiss the indictment in violation of his statutory speedy trial rights under R.C. 2945.71 and 2941.401.
 {¶ 25} "[3.] The trial court erred to the prejudice of appellant by overruling appellant's motion to dismiss the indictment, thereby depriving him of his constitutional right to a speedy trial guaranteed under the federal and Ohio constitutions.
 {¶ 26} "[4.] Defense counsel's performance in the trial court fell below the objective standard of reasonableness, thereby depriving appellant of his constitutional right to the effective assistance of counsel."
 {¶ 27} In his first assignment of error, Barr maintains that the trial court erred by failing to dismiss the secret indictment due to a five month delay between the return of the indictment and its service upon him.
 {¶ 28} Speedy trial issues present mixed questions of law and fact. An appellate court accepts the facts as found by the trial court on some competent, credible evidence, but freely reviews the application of the law to the facts. See State v. Kist, 173 Ohio App.3d 158,2007-Ohio-4773, at ¶ 18.
 {¶ 29} Barr first asserts that the "State has no authority to delay the indictment process after a warrant has been issued." Barr cites toState v. Colbert, 11th Dist. No. 1950, 1989 Ohio App. LEXIS 1573, which dismissed a defendant's charges when service on an indictment was delayed by the prosecutor for a period of 19 months. In *Page 6 Colbert, the defendant "established actual prejudice due to the delay[,] *** it was likely [the defendant] could not be given a fair trial under such circumstances, [the State] failed to rebut [the] claimed prejudice and, in addition, failed to prove any compelling circumstances justifying the delay." Id. at *14.
 {¶ 30} This case is factually distinguishable from Colbert. UnlikeColbert, the delay in the instant case was not orchestrated by the prosecutor; the delay resulted from Barr's imprisonment on an unrelated case outside the county. In addition, Barr failed to establish actual prejudice due to the delay. There is no indication whatsoever that the delay resulted in any degradation in his ability to defend himself.
 {¶ 31} Barr further maintains that he substantially complied with R.C. 2941.401 and the State failed to comply with the 180 days requirement.
 {¶ 32} R.C. 2941.401 governs the speedy trial rights of an imprisoned defendant and provides in pertinent part:
 {¶ 33} "When a person has entered upon a term of imprisonment in acorrectional institution of this state, and *** there is pending in this state any untried indictment *** against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court *** written notice of the place of his imprisonment and a request for a final disposition to be made of the matter ***. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time *Page 7 
earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 {¶ 34} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent havingcustody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 35} "***
 {¶ 36} "If the action is not brought to trial within the time provided *** no court any longer has jurisdiction thereof, the indictment *** is void, and the court shall enter an order dismissing the action with prejudice." (Emphasis added).
 {¶ 37} In the instant case, R.C. 2941.401 is not applicable. The statute clearly requires that the defendant must be "serving a term of imprisonment in a correctional institution of this state." In this case, at the time notice was sent, Barr was in the Cuyahoga County Jail, which is not a "correctional institution", as contemplated by the statute, but a local detention facility. Further, the statute requires notice to be given to the "warden or superintendant having custody of the prisoner"; however, Barr was under the jurisdiction and control of the Cuyahoga County Sheriff and not a warden or superintendent.
 {¶ 38} The Fifth District has also concluded "that a county jail is not a state penal or correctional institution for purposes of R.C. 2941.401. The Ohio Revised Code has separate chapters governing state penitentiaries and county jails. A state penitentiary operates under the state budget while a county jail operation is funded by the county. While the warden is the managing officer of a state penitentiary, the county sheriff is in *Page 8 
charge of the county jail. As such *** R.C. 2941.401 has no application [when an appellant is in a county jail]." Newark v. Barcus, 5th Dist. No. 94 CA 00015, 1994 Ohio App. LEXIS 4814, at *6.
 {¶ 39} R.C. 2941.401 only applies where a defendant has been sentenced to a correctional institution to serve his/her sentence.
 {¶ 40} Therefore, Barr's assertion that the 180 days provision in R.C. 2941.401 expired, is inapplicable.
 {¶ 41} Barr's first assignment of error is without merit.
 {¶ 42} In his second assignment of error, Barr further asserts that the trial court erred in overruling his Motion to Dismiss due to violations of his speedy trial rights under R.C. 2945.71 and R.C. 2941.401.
 {¶ 43} "The standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71." State v.Blumensaadt, 11th Dist. No. 2001-Ohio-4317, 2001 Ohio App. LEXIS 4283, at *17.
 {¶ 44} Under the speedy trial statute, R.C. 2945.71(C)(2), "[a] person against whom a charge of felony is pending *** [s]hall be brought to trial within two hundred and seventy days after the person's arrest." "A person against whom one or more charges *** all of which arose out of the same act or transaction, *** shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged ***." R.C. 2945.71(D).
 {¶ 45} The Ohio speedy trial statute must be strictly construed against the state. State v. Singer (1977), 50 Ohio St.2d 103, 109. Once the two hundred seventy day *Page 9 
statutory limit has expired, the defendant has established a prima facie case for dismissal. State v. Smith, 11th Dist. No. 2000-A-0052, 2001 Ohio App. LEXIS 3531, at *13. Then, the burden is upon the state to demonstrate any tolling or extension of the time limit. State v.Bowman (1987), 41 Ohio App.3d 318, 319. A failure of the state to comply with the mandates of the Ohio speedy trial statute requires discharge of the defendant. State v. Benson (1985), 29 Ohio App.3d 321, 324.
 {¶ 46} The duty under R.C. 2941.401 to bring the defendant to trial within one hundred eighty days arises only after receipt of the statutory notice. State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, at ¶ 20. For the reasons discussed in the first assignment of error, this statute is inapplicable. Furthermore, tolling occurs where an offender is "`unavailable *** by reason of other criminal proceedings against him' and `[w]hen a person has entered upon a term of imprisonment in a correctional institution of this state,' while other charges are pending. R.C. 2945.72(A) and R.C. 2941.401 respectively."State v. Vazquez, 11th Dist. No. 2006-A-0073, 2007-Ohio-2433, at ¶ 32. Thus, Barr's time should be tolled during his incarceration until he was served with the warrant. "When computing speedy trial time, the date of arrest itself is not counted." State v. Barb, 8th Dist. No. 90768,2008-Ohio-5877, at ¶ 8. Further, extensions of the time for calculating the speedy trial date are permissible for any of the reasons set forth in R.C. 2945.72. While the speedy trial clock is not tolled indefinitely by a motion, it is tolled for a reasonable time. State v. Sanchez,110 Ohio St.3d 274, 2006-Ohio-4478, at ¶ 27. Among the categories set forth in R.C. 2945.72 are the following:
 {¶ 47} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by *** [a]ny period of *Page 10 
delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; ***; [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(E) and (H).
 {¶ 48} In the present case, there were several tolling events: On March 14, 2007, Barr filed a Motion for Discovery. On May 18, 2007, Barr filed a Motion to Dismiss, a Motion for Forensic Testing, and a Motion for Physical Presence of Defendant. On June 8, 2007, Barr filed a Motion to Suppress. On July 26, 2008, Barr filed a Motion in Limine and to Suppress Evidence.
 {¶ 49} For purposes of speedy trial calculations, Barr's statutory time calculation begins on February 23, 2007. On September 13, 2007, Barr entered a written plea of no contest. Two hundred and three calendar days expired between the time Barr was served with the warrant and entered his plea of no contest. Even without attributing any of the above tolling events to Barr for purposes of calculating his speedy trial time, the State was well within the two hundred seventy day period to bring Barr to trial as provided by R.C. 2945.71(C)(2).
 {¶ 50} Barr's second assignment of error is without merit.
 {¶ 51} In his third assignment of error, Barr argues that his constitutional rights to a speedy trial were violated. We disagree.
 {¶ 52} "In analyzing constitutional speedy trial issues, Ohio courts follow the test set forth by the United States Supreme Court inBarker v. Wingo (1972), 407 U.S. 514". State v. Nieves, 11th Dist. No. 2007-A-0039, 2008-Ohio-534, at ¶ 15. *Page 11 
 {¶ 53} In Barker, the court identified four factors to be assessed in determining whether an accused had been constitutionally denied a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. Barker, 407 U.S. at 530. Even though no single factor controlled, the court in Barker stated that the length of the delay is particularly important. "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Id. at 530-531 (footnote omitted).
 {¶ 54} We review a trial court's judgment of an alleged constitutional speedy trial violation under an abuse of discretion standard. State v.Larlham, 11th Dist. No. 2007-P-0019, 2007-Ohio-6158, at ¶ 15, citingState v. Selvage, 80 Ohio St.3d 465, 470, 1997-Ohio-287.
 {¶ 55} For the reasons addressed above, Barr's arguments that the State had a duty to find him and/or his attempt to provide a notice of availability complied with the requirements of R.C. 2941.401 are without merit. Also, as discussed above, the State was within the requisite two hundred seventy days to bring Barr to trial; there was no presumptively prejudicial delay, thus, "there is no necessity for inquiry into the other factors that go into the balance." Barker, 407 U.S. at 530. The trial court did not abuse its discretion in denying Barr's Motion to Dismiss.
 {¶ 56} Barr's third assignment of error is without merit. *Page 12 
 {¶ 57} In his final assignment of error, Barr claims that his counsel's performance in the trial court fell below the objective standard of reasonableness, thereby depriving him of his constitutional right to the effective assistance of counsel. Barr "submits that his court-appointed trial counsel's assistance was constitutionally ineffective in two respects. First[,] a trial counsel's failure to move for dismissal once the statutory time for speedy trial has expire is, in itself, ineffective representation. *** Second, defense counsel also rendered ineffective assistance when he stated on the record that the pro se Notice of Availability field by Appellant in October `didn't comport with the statute'". We disagree.
 {¶ 58} The Ohio Supreme Court has adopted a two-part test to determine whether an attorney's performance has fallen below the constitutional standard for effective assistance. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal, 87 Ohio St.3d 378, 388-389,2000-Ohio-448, citing Strickland v. Washington (1984), 466 U.S. 668,687-688. "To warrant reversal, `the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v.Stojetz, 84 Ohio St.3d 452, 457, 1999-Ohio-464, citingStrickland, 466 U.S. at 694; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.
 {¶ 59} For the reasons discussed above, the State was well within the statutory speedy trial time limits, thus, Barr's assertion that his counsel was deficient for failing to *Page 13 
move for dismissal once the statutory time for speedy trial had expired is without merit. Secondly, Barr's October attempt at a notice of availability did not comply with the R.C. 2941.401. The document was filed in the wrong court, there was no certificate attached, and the prosecuting attorney was not served. As an officer of the court, Barr's counsel is not permitted to make false representations to the court. Thus, his truthful statement that the document "did not comport" with the statute does not indicate his counsel's performance fell below an objective standard of reasonableness.
 {¶ 60} Consequently, Barr has failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that the result of the proceeding would have been different.
 {¶ 61} Barr's fourth assignment of error is without merit.
 {¶ 62} For the foregoing reasons, the Judgment Entry of the Portage County Court of Common Pleas, sentencing Barr for Attempted Rape, is affirmed. Costs to be taxed against appellant.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with a Dissenting Opinion.
[1] Pursuant to this court's remand, the trial court filed a judgment entry on October 14, 2008, indicating that Case No. 2006 MS 00056 should not be included in the record and docket of the instant case.