THE STATE EX REL. BARR, APPELLANT, *v.* PITTMAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989.]

*Court of appeals' judgment dismissing petition for writ of mandamus affirmed.*

(No. 2010-1069 — Submitted October 13, 2010 — Decided October 20, 2010.)

APPEAL from the Court of Appeals for Portage County,

No. 2010-P-0006, 2010-Ohio-2293.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Harry Barr, for a writ of mandamus to compel appellee, Portage County Court of Common Pleas Judge Laurie J. Pittman, to vacate his conviction and sentence for attempted rape.[1] Barr's claim that he was denied his right to a speedy trial is not cognizable in an extraordinary-writ action. See *State ex rel. Jackim v. Ambrose*, 118 Ohio St.3d 512, 2008-Ohio-3182, 890 N.E.2d 324, and cases cited therein. Barr had an adequate remedy in the ordinary course of law by appeal to raise his claim, and he did so, albeit unsuccessfully, in *State v. Barr*, Portage App. No. 2008-P-0031, 2009-Ohio-1146, ¶ 42-56, appeal not accepted for review, 122 Ohio St.3d 1480, 2009-Ohio-3625, 910 N.E.2d 479. Mandamus will not lie to gain successive appellate reviews of the same issue. *State ex rel. Woods v. Oak Hill Community Med. Ctr.* (2001), 91 Ohio St.3d 459, 462, 746 N.E.2d 1108.

Judgment affirmed.

_____

1. Barr is also imprisoned on convictions for other crimes. See http://www.drc. ohio.gov/OffenderSearch/Search.aspx. Otherwise, his mandamus action would be improper because it would seek to compel his release from prison, which would require him to file a habeas corpus petition. *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 5.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Harry Barr, pro se.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Denise L. Smith, Chief Assistant Prosecuting Attorney, for appellee.

_____