[Cite as *Perry v. State*, 2013-Ohio-4367.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MORRIS J. PERRY, SR. | ) | CASE NO. 13 MA 115 |
| | ) | |
| RELATOR | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| STATE OF OHIO | ) | |
| YOUNGSTOWN, OHIO | ) | |
| MUNICIPAL COURT JUDGE | ) | |
| ROBERT MILICH | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:         Complaint for Writ of Mandamus

JUDGMENT:                                        Dismissed.

APPEARANCES:

For Relator:                                      Morris J. Perry, Sr., Pro se
                                                        #35623-060
                                                        Federal Correctional Institution
                                                        P.O. Box 1000
                                                        Loretto, PA  15940


For Respondent:                               Atty. Anthony J. Farris
                                                        Law Director for the City of Youngstown
                                                        26 S. Phelps Street
                                                        Youngstown, Ohio  44503


JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                                        Dated:  September 30, 2013

PER CURIAM.

{¶1}   Relator Morris J. Perry, Sr., a criminal offender currently incarcerated in the Loretto Pennsylvania Federal Correctional Institution, has filed a complaint for writ of mandamus against Judge Robert Milich of the Youngstown Municipal Court. Relator asks us to grant a writ ordering Judge Milich to vacate a misdemeanor theft conviction.   Relator contends that his statutory speedy trial rights were violated. Unfortunately for Relator, the claim that he was denied the right to a speedy trial is not cognizable in a mandamus action.  *State ex rel. Jackim v. Ambrose*, 118 Ohio St.3d 512, 2008-Ohio-3182, 890 N.E.2d 324, ¶6.

{¶2}   A writ of mandamus is an extraordinary remedy that is issued "only in cases of extreme necessity, because of the absence or inadequacy of other remedies * * *."  *State ex rel. Utility Workers Union of America, AFL-CIO Local 349 v. Macelwane*, 116 Ohio App. 183, 191, 187 N.E.2d 901 (6th Dist.1961).   Relator had an adequate remedy by way of direct appeal of his misdemeanor conviction to raise the speedy trial issue.  *State ex rel. Barr v. Pittman*, 127 Ohio St.3d 32, 2010-Ohio-4989, 936 N.E.2d 43, ¶1.

{¶3}   Relator also failed to file the required affidavit describing all civil actions and appeals he has filed within the past five years, as set forth in R.C. 2969.25(A). For example, he filed a habeas action in this Court just a few months ago.  *Perry v. Greene*, 7th Dist. No. 13 MA 33, 2013-Ohio-1879.  Compliance with R.C. 2969.25(A) is mandatory, and failure to satisfy the statutory requirements is grounds for dismissal.  *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999).

**{¶4}** For the aforementioned reasons, we dismiss Relator's complaint for writ of mandamus. Costs taxed against Relator. Final order. Clerk to give notice on the parties as required by the Ohio Rules of Civil Procedure.

Waite, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.