[Cite as *State ex rel. Holmes v. State*, 2014-Ohio-4642.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO, EX REL., SCOTT HOLMES | : | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 2014CA0010 |
|  | : |  |
| STATE OF OHIO | : |  |
|  | : | O P I N I O N |
| Respondent | : |  |

CHARACTER OF PROCEEDING:     Writ of Mandamus

JUDGMENT:                                    Dismissed

DATE OF JUDGMENT ENTRY:       October 20, 2014

APPEARANCES:

For Relator                                    For Respondent

SCOTT A. HOLMES Pro Se            BENJAMIN E. HALL
L.E.C.I.                                          Assistant Prosecuting Attorney
Box  56                                         318 Chestnut Street
Lebanon, OH 45036                       Coshocton, OH 43812

*Gwin, P.J.*

{¶1} Relator, Scott Holmes, has filed a Petition for Writ of Mandamus requesting this Court grant Relator the right to appeal his sentence in his criminal case which was filed on September 16, 2010. The petition names Prosecutor Jason Givens as the Respondent.

{¶2} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶3} Respondent has filed a motion to dismiss the complaint arguing the issue presented in the petition is res judicata because Relator has already pursued a request for delayed appeal which was denied by this Court.

{¶4} Relator is an inmate at the Ohio Department of Corrections. He has not filed an affidavit listing all prior civil actions as required by R.C. 2969.25 which provides,

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

Ohio Rev. Code Ann. § 2969.25.

{¶5} "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint. *State ex rel. Washington v. Ohio Adult Parole Auth.,* 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999), citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998). As held by the court of appeals, the affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings. *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9 (an inmate's "belated attempt to file the required affidavit does not excuse his noncompliance. See R.C. 2969.25(A), which requires that the affidavit be filed '*[a]t the time that an inmate commences a civil action* or appeal against a government entity or employee.' " [emphasis sic] )." *State ex rel. Hall v. Mohr*, 2014-Ohio-3735.

{¶6}  Because Relator did not file the required affidavit, we must dismiss the petition.

{¶7}  Even had we considered the merits of the petition, we would not have granted the request for writ of mandamus.  Relator has cited no authority for the proposition that Respondent, Jason Givens, has a clear legal duty or even ability to provide Relator with an appeal.

{¶8}  Based upon the foregoing, this cause is dismissed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur