[Cite as *State v. Moore*, 2017-Ohio-4129.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0001** |
| DAVID M. MOORE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2010 CR 00420.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*David M. Moore,* pro se, PID# A601-849, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, David M. Moore, appeals from the Judgment Entry of the Ashtabula County Court of Common Pleas, denying his Motion for Additional Jail-Time Credit. The issue to be determined by this court is whether a trial court errs in rejecting a motion for jail-time credit when such credit has previously been requested and denied. For the following reasons, we affirm the decision of the lower court.

{¶2} On January 21, 2011, Moore was indicted by the Ashtabula County Grand Jury on multiple counts. On April 1, 2011, Moore entered a plea of guilty to Robbery, a

felony of the third degree, in violation of R.C. 2911.02(A)(3), and Theft of Drugs, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1) and (B)(6). Moore was sentenced to a term of four years in prison.

{¶3} Moore was subsequently granted judicial release. On September 12, 2014, a Request for Capias was filed by the Ashtabula County Adult Probation Department, based on Moore's failure to comply with his terms of probation. On that date, the court issued a capias and ordered that Moore be arrested and remain in custody for a hearing on the probation violation.

{¶4} Moore filed a Motion of Availability on April 13, 2015, stating that he was incarcerated in the Lake County Jail.

{¶5} At a September 18, 2015 Probable Cause hearing, it was explained that Moore had been arrested for Forgery and Misuse of Credit Cards in Lake County in November 2014, remained in the Lake County Jail, and completed a nine month sentence for those convictions prior to being brought to Ashtabula for the probation violation. Moore entered a guilty plea and the court found he violated probation.

{¶6} A hearing on the matter of jail-time credit was held on September 23, 2015. Moore's counsel presented the judgment from his Lake County convictions, which did not reference the capias or the probation violation. Counsel believed the Lake County Court was aware of the pending charges because the docket had a notation about amending the bond "if defendant is taken into custody to serve sentence of 60 days in Ashtabula County."

{¶7} A second hearing was held on October 30, 2015. The court found that Moore was not entitled to jail-time credit for the nine-month period served in Lake

2

County, which "arose from facts that are separate and apart from those that he's now being sentenced." The court sentenced Moore to a four-year term, with 742 days of credit from his past incarceration for Robbery and Theft of Drugs.

{¶8} Moore appealed the ruling in relation to the requested jail-time credit for time served in Lake County. This court affirmed, holding that Moore failed to present evidence of a probation holder to support his contention that he was entitled to jail-time credit. *State v. Moore*, 2016-Ohio-3510, 67 N.E.3d 68 (11th Dist.).

{¶9} On December 6, 2016, Moore filed a Motion for Additional Jail-Time Credit and/or Re-Computation of Time, and/or Re-Sentence. He argued that, inter alia, he is entitled to jail-time credit for the time he was incarcerated while being on a probation holder, pursuant to *State v. Caccamo*, 11th Dist. Lake No. 2015-L-048, 2016-Ohio-3006.

{¶10} In a December 13, 2016 Judgment Entry, the trial court overruled the Motion, noting that Moore had already requested a reduction in the length of his prison sentence, it was overruled, and that decision had been affirmed by this court.

{¶11} Moore timely appeals and raises the following assignments of error:

{¶12} "[1.] The Trial Court erroneously denied jail time credit (R.C. 2967.191) for time spent in custody after Capias had been issued and held on a probation violation.

{¶13} "[2.] The Trial Court never entertained a motion for jail time credit via Court Reporter[']s Acknowledgment in Trial Court or any other Court Reporter Docket * * *."

{¶14} This court has reviewed the trial court's determination as to the amount of credit to which a defendant is entitled under the "clearly and convincingly" contrary to

3

law standard. *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶ 15.

**{¶15}** In Moore's Motion and on appeal, he repeats the argument raised at the time of his sentencing on the probation violation and in his prior appeal: that he should have been granted credit for the time he was under a probation holder. He also argues that this court should apply its decision in *Caccamo*, 2016-Ohio-3006, to reach this holding.

**{¶16}** R.C. 2929.19(B)(2)(g)(iii) provides, in pertinent part: "The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section [relating to jail-time credit]. The offender may, at anytime after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion."

**{¶17}** Moore moves to correct an alleged error in the issuance of jail-time credit. The issue he presents, however, was previously raised at the probation violation hearing and was heard separately prior to sentencing. Following two hearings, the court found that Moore was not entitled to credit as to the holder issue and sentenced him to serve four years. "If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit." *State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0116, 2016-Ohio-5572, ¶ 15, citing *State v. Smith,* 10th Dist. Franklin Nos. 15AP-209 and 15AP-214, 2015-Ohio-4465, ¶ 9.

4

{¶18} Moore's argument for jail-time credit due to the allegations of an existing holder has already been considered and rejected, both by the trial court and on appeal. Thus, the lower court did not err in overruling Moore's Motion for Additional Jail-Time Credit on this ground.

{¶19} Even if we were to consider Moore's contention that *Caccamo*'s holding warrants an award of jail-time credit in his favor, this argument lacks merit. In *Caccamo*, 2016-Ohio-3006, this court found that the defendant was entitled to jail-time credit since "his confinement in the Cuyahoga County Jail was predicated in part upon * * * charges in Lake County." *Id.* at ¶ 18. In reaching that conclusion, the court emphasized the existence of a holder, explaining that "the state admitted that a 'community control violation' holder was placed on appellant * * * only five days after he was incarcerated in the Cuyahoga County Jail" for the Cuyahoga County charge. *Id.* at ¶ 17. In *Moore*, this court specifically noted that, even "[p]resuming that the existence of a holder for the probation violation would require the court to credit 270 days of jail time to Moore, there is no evidence in the record that such a holder existed." 2016-Ohio-3510, 67 N.E.3d 68, at ¶ 21. As to Moore, this court did not find that the existence of a holder does not warrant an award of jail-time credit, but that the existence of a holder was not proven.

{¶20} The first assignment of error is without merit.

{¶21} In his second assignment of error, Moore argues that the trial court did not properly entertain his motion for credit, since it failed to hold a hearing.

{¶22} Given that the trial court properly found the merits of the Motion had already been considered and should not be evaluated, it was unnecessary to hold a

5

hearing for the presentation of additional facts. *See State v. Carter*, 2d Dist. Montgomery No. 25640, 2013-Ohio-5163, ¶ 15-16 (a hearing is not required when the court already has the necessary facts before it to rule on a request for jail-time credit).

{¶23} The second assignment of error is without merit.

{¶24} For the foregoing reasons, the Judgment Entry of the Ashtabula County Court of Common Pleas, denying Moore's Motion for Additional Jail-Time Credit, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.