[Cite as *State v. Shavers*, 2019-Ohio-3059.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


STATE OF OHIO,                                    :        **O P I N I O N**

           Plaintiff-Appellee,         :
                                          **CASE NO. 2018-T-0047**
   - vs -                                        :

CURTIS L. SHAVERS,                            :

           Defendant-Appellant.         :


Criminal Appeal from the Trumbull County Central District Court, Case No. 2016 CRB 00116.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Curtis L. Shavers, appeals the judgment sentencing him to 100 days in jail following his probation violation. We affirm.

{¶2} In 2016, Shavers was convicted of petty theft in violation of R.C. 2913.02, a first-degree misdemeanor, and sentenced to 180 days in jail with 160 days suspended, one-year reporting probation, and a fine.

{¶3} In June of 2017, Shavers was convicted of his first probation violation. He was ordered to serve 60 days in jail and his probation was extended. Shavers pleaded no contest to his second probation violation in November of 2017. At the plea hearing, the parties acknowledged that Shavers was being held on an unrelated offense in an adjacent county, and the trial court set Shaver's case for sentencing in 30 days.

{¶4} On February 2, 2018, Shavers filed a "Notice of Availability" for sentencing. His sentencing was again rescheduled, and the court's entry notes that the case will be reset for sentencing after Shaver's completion of his Mahoning County sentence. He was subsequently sentenced May 2, 2018 to 100 days in jail commencing June 4, 2018, the same date his sentence in the unrelated case expired.

{¶5} After he appealed, Shavers did not seek a stay of execution pending appeal from the trial court. He did, however, seek a stay from this court on August 1, 2018, which we denied based on his failure to comply with App.R. 8, requiring a stay to be first sought in the trial court, and 11 Dist. Rule 7(E)(1), requiring the movant to address seven factors in a memorandum in support. Shavers has since served his time and was released in September of 2018.

{¶6} He raises one assigned error:

{¶7} "The trial court erred when it failed to act on Appellant's notice of availability and sentence him on the probation violation causing appellant to serve jail time beyond the 180 days incarceration originally imposed by the trial court and constituted an abuse of discretion."

{¶8} Shavers argues that the trial court abused its discretion upon delaying imposition of his sentence until he served time for another, unrelated offense despite his

2

filing a notice of availability on February 2, 2018 and his appearance before the court on February 14, 2018. Shavers alleges prejudice because of the delay in sentencing. He also argues that the delay was contrary to law and that his misdemeanor sentence should be modified or vacated. We disagree.

{¶9} Shavers relied on R.C. 2941.401, *Request by a prisoner for trial on pending charges*, upon seeking to compel the trial court to immediately sentence him. However, this provision states in pertinent part:

{¶10} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *."

{¶11} "R.C. 2941.401 is one of the statutes governing Ohio's speedy-trial rules; it applies when a defendant located in a 'correctional institution' in Ohio seeks to resolve charges pending elsewhere in the state." *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, 30 N.E.3d 918, FN1. And for R.C. 2941.401 purposes, "a jail is not a 'correctional institution of this state.'" (Citation omitted.) *Id* at ¶ 49.

{¶12} Shavers fails to establish that he was serving time in prison, and not jail, at the time of his motion. And because R.C. 2941.401 only applies to individuals serving time in prison, Shavers has not established that this provision applies. *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶25. Moreover, Shavers was not

3

requesting to be brought to trial; he had already pleaded no contest to his second probation violation. Instead, he was seeking to compel the court to *sentence* him via R.C. 2941.401, and this statute by its own terms, aids in the time an individual is brought to trial, not sentenced.

{¶13} Accordingly, Shavers' sole assigned error lacks merit, and the trial court's decision is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

4