[Cite as *State v. Ulatowski*, 2020-Ohio-862.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-G-0221** |
| JOSEPH D. ULATOWSKI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2016 C 000009.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Jacqueline M. O'Donnell*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, 3rd Floor, Chardon, OH 44024 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, Buchanan Law, Inc., 195 South Main Street, Suite 202, Akron, OH 44308 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Joseph Ulatowski, appeals from his convictions and sentence for Burglary and Grand Theft in the Geauga County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court.

{¶2} On February 3, 2016, Ulatowski was indicted by the Geauga County Grand Jury for Engaging in a Pattern of Corrupt Activity (Count One), a felony of the first degree, in violation of R.C. 2923.32(A)(1); four counts of Burglary (Counts Two, Five, Eight, and Eleven), felonies of the second degree, in violation of R.C. 2911.12(A)(2);

two counts of Grand Theft (Counts Three and Twelve), felonies of the fourth degree, in violation of R.C. 2913.02(A)(1); four counts of Receiving Stolen Property (Counts Four, Seven, Ten, and Thirteen), felonies of the fourth and fifth degree, in violation of R.C. 2913.51(A); Theft from a Person in a Protected Class (Count Six), a felony of the first degree, in violation of R.C. 2913.02(A)(1) and (B)(3); six counts of Theft (Counts Nine and Fifteen through Nineteen), felonies of the fifth degree, in violation of R.C. 2913.02(A)(1); and Vandalism (Count Fourteen), a felony of the fifth degree, in violation of R.C. 2909.05(A).

{¶3} On August 3, 2018, Ulatowski filed a Motion to Dismiss, on the grounds that he was already incarcerated "for the same crimes in Portage County." The State filed a response arguing that Ulatowski misunderstood the pertinent law and the court denied the motion.

{¶4} Ulatowski filed a Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints on January 14, 2019, requesting disposition of the pending charges.

{¶5} On May 8, 2019, Ulatowski entered a plea of guilty to the lesser included offense to Count Two, Burglary, a felony of the third degree, and Count Three, Grand Theft, as charged in the Indictment. After reviewing the rights waived by entering a guilty plea, the trial court accepted the plea and found him guilty of the offenses. This was memorialized in a May 22, 2019 Order.

{¶6} A sentencing hearing was held on July 17, 2019. Defense counsel argued that Ulatowski's offenses were related to substance abuse arising from an injury. Counsel requested the sentence in this matter be run concurrent with the sentence he was currently serving out of Portage County for similar offenses. Ulatowski apologized

to the victims and asked for a concurrent sentence for the benefit of his children. The State emphasized the serious psychological and economic harm to the victims and Ulatowski's criminal record and requested that he be ordered to serve 12 months on each count, to be served consecutive to the Portage County sentence.

{¶7} The court stated that it had considered the purposes and principles of sentencing, and reviewed the presentence investigation report, the statements made at the hearing, and the entire record. It found the PSI showed economic harm to the victims, the crime was part of an organized criminal activity, and there were no factors making the crimes less serious, although it noted Ulatowski's efforts at getting treatment for his drug problem and his military service. The court ordered a 12 month prison sentence for Burglary, ten months for Grand Theft, and ordered the sentences be served concurrent to each other and consecutive to the Portage County sentence. The court dismissed the remaining counts of the indictment. The sentence was memorialized in a July 22, 2019 Judgment of Conviction.

{¶8} Ulatowski timely appeals and raises the following assignments of error:

{¶9} "[1.] The trial court did not have subject matter jurisdiction.

{¶10} "[2.] Joseph's plea was not knowing[ly], intelligently, or voluntarily made.

{¶11} "[3.] Joseph was sentenced contrary to law."

{¶12} In his first assignment of error, Ulatowski argues that the court did not have subject matter jurisdiction because he was not brought to trial within 180 days and the matter should have been dismissed due to the violation of his right to a speedy trial. Although his stated issue and analysis differ, it appears he is arguing that he should have been sentenced within 180 days of filing a notice of availability and that he was not brought to trial within 180 days of when the government was aware of where he was

3

located, emphasizing that documents were served upon him while he was incarcerated in 2016.

{¶13} "Speedy-trial issues present mixed questions of law and fact. * * * We accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, 877 N.E.2d 747, ¶ 18 (11th Dist.); *State v. Barr*, 11th Dist. Portage No. 2008-P-0031, 2009-Ohio-1146, ¶ 28.

{¶14} Generally, a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). However, R.C. 2941.401, "one of the statutes governing Ohio's speedy-trial rules[,] * * * applies when a defendant located in a 'correctional institution' in Ohio seeks to resolve charges pending elsewhere in the state." *State v. Shavers*, 11th Dist. Trumbull No. 2018-T-0047, 2019-Ohio-3059, ¶ 11, citing *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, 30 N.E.3d 918, ¶ 49, fn.1. Pursuant to R.C. 2941.401:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *[.] If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

{¶15} As an initial matter, the law is clear that "generally a guilty plea waives a defendant's right to raise the statutory right to a speedy trial on appeal." *Montpelier v. Greeno*, 25 Ohio St.3d 170, 172, 495 N.E.2d 581 (1986). Ulatowski entered a guilty

4

plea to the offenses in the present matter.

{¶16} Even presuming this matter is properly raised, Ulatowski's arguments lack merit. While he emphasizes that the "trial court knew where [he] was on August 3, 2018," this date is irrelevant for the purposes of determining when the 180 days began running. "R.C. 2941.401 places the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition; the statute imposes no duty on the state until such time as the incarcerated defendant provides the statutory notice," which "trigger[s] the process to cause him to be brought to trial within 180 days of his notice and request." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 20-21; *State v. Irish*, 2019-Ohio-2765, __ N.E.3d __, ¶ 17 (3d Dist.) ("statutory speedy-trial time will not begin to run until the defendant files a request for disposition in accordance with R.C. 2941.401").

{¶17} Further, there is no issue regarding whether Ulatowski was "brought to trial" within 180 days, as he entered a guilty plea to the offenses well before 180 days after his request for disposition was filed. Although he was not sentenced within 180 days, he cites no authority for the proposition that this is required under R.C. 2941.401 or any other speedy trial provision, and this court has held that R.C. 2941.401, "by its own terms, aids in the time an individual is brought to trial, not sentenced." *Shavers*, 2019-Ohio-3059, at ¶ 12.

{¶18} The first assignment of error is without merit.

{¶19} In his second assignment of error, Ulatowski argues that his plea was not knowingly, intelligently, or voluntarily entered because the court denied his right to a speedy trial and did not inquire whether he was aware he was waiving this right.

5

{¶20} As explained above, a guilty plea typically waives the right to claim a speedy trial violation. *Montpelier*, 25 Ohio St.3d at 172, 495 N.E.2d 581. Ulatowski argues that the failure to advise him of the fact that he was waiving his right to a speedy trial rendered that plea involuntary, negating the application of the waiver doctrine. We will consider the voluntary nature of Ulatowski's plea.

{¶21} In a felony case, "the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally" and complying with the requirements to determine the voluntary nature of the plea and that the defendant understands the charges and maximum penalty; informing the defendant of the effect of his plea and that the court may proceed to judgment and sentencing; and advising the defendant of rights waived by entering the plea. Crim.R. 11(C)(2)(a)-(c). These include "the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

{¶22} A trial court must "strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant" of the constitutional rights contained therein or his plea is rendered invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31. For the nonconstitutional portions of Rule 11, the applicable standard is "substantial compliance" which means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Id.*

6

{¶23} Ulatowski does not dispute that the trial court complied with Crim.R. 11(C)(2)(c), except for the assertion that it should have inquired regarding his awareness that he was waiving his right to a speedy trial. However, several appellate courts, including this one, have held that Crim.R. 11(C) does not require a trial court to advise a defendant on the right to a speedy trial prior to accepting a guilty plea. *State v. Wilson*, 11th Dist. Trumbull No. 2015-T-0082, 2017-Ohio-502, ¶ 54; *State v. Childs*, 12th Dist. Butler No. CA2009-03-076, 2010-Ohio-1814, ¶ 9; *State v. Smith*, 8th Dist. Cuyahoga No. 66497, 1995 WL 248532, *6 (Apr. 27, 1995). While Ulatowski emphasized that he had filed his notice of availability and indicated he would not waive speedy trial at arraignment, this does not demonstrate his plea was involuntary. Ulatowski was advised at the plea hearing that he was giving up all defenses to the crimes and he further received a significant benefit by entering his plea under a favorable plea agreement. We find neither error nor prejudice in the entry of Ulatowski's guilty plea.

{¶24} The second assignment of error is without merit.

{¶25} In his third assignment of error, Ulatowski alleges various errors relating to his sentence.

{¶26} In general, "[t]he court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings [or] * * * [t]hat the sentence is otherwise contrary to law." R.C.

7

2953.08(G)(2)(a) and (b).

{¶27} First, Ulatowski argues that he was entitled to jail time credit, although he does not specify the number of days to which he is entitled, stating only that he "was held from February 3, 2016 until March 5, 2019, until the trial court issued a personal recognizance bond."

{¶28} A determination as to the amount of jail-time credit to which a defendant is entitled is reviewed under the "clearly and convincingly" contrary to law standard. *State v. Perkins*, 11th Dist. Lake No. 2018-L-084, 2019-Ohio-2288, ¶ 12.

{¶29} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the total number of days * * * that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term * * *." R.C. 2929.19(B)(2)(g)(i).

{¶30} "[J]ail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced." *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, ¶ 11. The Ohio Supreme Court has explained that a defendant held on bond is not entitled to jail-time credit for presentence detention "if, during the same period of time, he is serving a sentence on an unrelated case." *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 4. *See also Struble* at ¶ 11 ("there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter").

{¶31} While Ulatowski was indicted on February 3, 2016, the record indicates

8

that he was not arrested and arraigned until March of 2019. At that time, he was serving a term of eight years in prison for three counts of Burglary ordered in Portage County Court of Common Pleas Case Nos. 2015 CR 0861C and 2015 CR 0893C, pursuant to a June 9, 2016 Order. Thus, he is not entitled to jail time credit since he was already serving a term on another case which, while containing similar charges, was not demonstrated to be related to the present matter. While he was detained in the Geauga County Jail pending disposition of the present charges, "the locus of his detention does not entitle him to credit for the time served * * * after he was sentenced on the unrelated case." *Struble* at ¶ 12. In the absence of any argument set forth by Ulatowski as to why jail time credit would be appropriate under these circumstances, we find no error. *State v. Corpening*, 2019-Ohio-4833, 137 N.E.3d 116, ¶ 27 (11th Dist.) ("[t]he burden is on [appellant] to establish the court erred in its jail-time award").

{¶32} Ulatowski next argues that his sentence was contrary to law because there is no authority permitting a court to order a sentence consecutive to a prison term ordered by another Ohio court.

{¶33} "The standard of review for the imposition of consecutive prison terms is * * * governed by the clearly and convincingly standard set forth in R.C. 2953.08(G)(2)." *State v. Anthony*, 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, ¶ 159, citing *State v. Gwynne*, ___ Ohio St.3d ___, 2019-Ohio-4761, ___ N.E.3d ___, ¶ 16.

{¶34} Ulatowski does not dispute that the trial court made the required findings to order a consecutive sentence pursuant to R.C. 2929.14(C)(4). Rather, he contends that the court was not permitted to order his sentence served consecutively to the one imposed by the Portage County Court of Common Pleas, emphasizing that R.C. 2929.41 sets forth a provision allowing for imposition of consecutive sentences between

9

an Ohio court and a court of another state or federal court, but the Revised Code contains no such provision for trial courts of Ohio located in different counties.

{¶35} R.C. 2929.41(B)(2) provides: "If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States." While it does not specifically state that a term can be served consecutively to one ordered by another court of this state it also does not prohibit such an order. The Ohio Supreme Court has held discretion for ordering a consecutive sentence is "based upon the premise that the other sentence is either one being imposed by the trial court at that time or is a sentence previously imposed, *even if by another court*, and is not a sentence in futuro." (Emphasis added.) *State v. White*, 18 Ohio St.3d 340, 342, 481 N.E.2d 596 (1985). Appellate courts throughout Ohio have consistently upheld sentences ordered to be served consecutive to a preexisting sentence ordered by another Ohio court. *State v. Starr*, 11th Dist. Lake No. 2015-L-113, 2016-Ohio-4689, ¶ 6-13 (rejecting appellant's argument that the court erred in sentencing him to serve a prison term consecutive to a sentence from a different county since it made the required R.C. 2929.14(C)(4) findings); *Olmsted Falls v. Clifford*, 2014-Ohio-2397, 12 N.E.3d 515, ¶ 12 (8th Dist.) ("a trial court may order a sentence to be served consecutive to a sentence imposed on the offender by another Ohio court," provided the sentence "has been previously imposed"); *State v. Ashworth*, 2d Dist. Champaign No. 2011 CA 1, 2012-Ohio-108, ¶ 17-19.

{¶36} Under Ulatowski's arguments, courts could order consecutive terms with

sentences ordered by courts of another state or federal court but not by those within this state, an outcome which defies logic. We hold that courts are permitted to order consecutive terms with previously ordered sentences from other courts within the state of Ohio and the consecutive sentence here was permissible.

{¶37} Ulatowski next argues that his sentence exceeded the maximum since he "was sentenced to 9 years collectively for a felony of a third degree," an apparent extension of his argument that the consecutive sentence was improper. This argument is not based on any legal authority. Ulatowski was sentenced for separate crimes in two courts, with the sentences to run consecutively, which, as discussed above, was permissible. For the offenses pertinent to this appeal, Burglary, a felony of the third degree, and Grand Theft, a felony of the fourth degree, he was ordered to concurrent terms of one year and ten months, respectively. These are well within the statutory boundaries set forth for these offenses. R.C. 2929.14(A)(3) and (4).

{¶38} Ulatowski also contends, with no supporting analysis, that the trial court abdicated its powers under R.C. 2929.20 when it stated it would "consider judicial release if Portage County Court of Common Pleas grants judicial release."

{¶39} R.C. 2929.20 gives the trial court authority to grant or deny requests for judicial release. At this point in the proceedings, however, no such motion has been filed and the court has merely commented on the circumstances under which it may grant such a motion. This issue is not ripe for review upon direct appeal. *State v. Hale*, 8th Dist. Cuyahoga No. 106343, 2018-Ohio-2301, ¶ 6 (because appellant "had not requested judicial release (and under the statute was not yet eligible for judicial release), the trial court could not deny the request," the issue was not ripe, and the appellant was not denied the opportunity for release although the court had stated "no

11

judicial release" in its sentencing entry); *State v. Wiggins*, 10th Dist. Franklin No. 16AP-170, 2017-Ohio-62, ¶ 25 (the argument that the trial court was without authority to state in its sentencing entry "no judicial release," was not ripe for review on direct appeal).

{¶40} Finally, Ulatowski argues that the trial court erred in "misapplying" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. He provides no argument but directs this court to the pro se Motion to Dismiss filed in the trial court, wherein Ulatowski argued the pending charges should be dismissed since any sentence for such charges must run concurrent with the Portage County sentence.

{¶41} The argument that the sentences were required to run concurrently has been rejected above. Further, this argument is not supported by *Bonnell*, which held as follows: "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus. This holding is unrelated to the issue raised in Ulatowski's Motion to Dismiss. Moreover, there is no question here that the court followed the principle contained in *Bonnell*, making the R.C. 2929.14(C)(4) findings, stating both at the sentencing hearing and in the sentencing entry that consecutive sentences were "necessary to protect the public from future crime and to punish the offender," "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and that R.C. 2929.14(C)(4)(b) and (c) applied, since the crimes were committed as a course of conduct and the harm was so great that one prison term did not adequately reflect the seriousness of Ulatowski's conduct and his history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime.

12

{¶42} The third assignment of error is without merit.

{¶43} For the foregoing reasons, Ulatowski's convictions and sentence in the Geauga County Court of Common Pleas are affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.