[Cite as *State v. McClafferty*, 2020-Ohio-3238.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-G-0238** |
| BRETT M. MCCLAFFERTY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No 2015 C 000185.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Ashley M. Garrett*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, 3rd Floor, Chardon, Ohio 44024 (For Plaintiff-Appellee).

*Sean Buchanan*, Slater & Zurz, One Cascade Plaza, Suite 2200, Akron, Ohio 44308 (For Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1}    Appellant, Brett M. McClafferty ("Mr. McClafferty"), appeals the judgment of the Geauga County Court of Common Pleas denying his motion for additional jail-time credit.

{¶2}    Mr. McClafferty argues that he is entitled to jail-time credit for the time period he was confined in the Portage County jail between October 2, 2017, when the Portage County jail received a holder from Geauga County relating to the underlying offense, until

March 30, 2018, when the Portage County trial court imposed sentences on unrelated offenses.

{¶3} After a careful review of the record and pertinent law, we find that Mr. McClafferty did not establish that the trial court retained continuing jurisdiction under R.C. 2929.19(B)(2)(g)(iii) to correct the alleged error raised in his motion for additional jail-time credit. The record demonstrates Mr. McClafferty previously raised the same argument when the trial court initially determined jail-time credit as part of his sentencing proceeding, which the trial court rejected. The appropriate procedure was for Mr. McClafferty to appeal the trial court's prior order.

{¶4} Thus, we affirm the judgment of the Geauga County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} In 2015, the Geauga County Grand Jury indicted Mr. McClafferty on charges of engaging in a pattern of corrupt activity, a felony of the second degree, in violation of R.C. 2923.32(A)(1) (Count 1), grand theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(3) (Count 2), forgery, a felony of the fourth degree, in violation of R.C. 2913.31(A)(2) (Count 3), and forgery, a felony of the fourth degree, in violation of R.C. 2913.31(A)(3) (Count 4). Mr. McClafferty initially pleaded not guilty to the charges.

{¶6} In June 2016, Mr. McClafferty entered an oral and written plea of guilty to passing bad checks, a felony of the fourth degree, in violation of R.C. 2913.11(B), as charged in amended Count 3 of the indictment. The court accepted Mr. McClafferty's guilty plea, dismissed the remaining counts of the indictment, and referred the matter for a presentence investigation.

2

{¶7} In August 2016, the trial court sentenced Mr. McClafferty to five years of community control sanctions, restitution, a fine, and court costs. Mr. McClafferty's conditions of community control included a restitution payment schedule.

{¶8} On September 28, 2017, the Geauga County Adult Probation Department filed a petition for violation of community control and request for capias on the grounds that Mr. McClafferty had not complied with the restitution payment schedule. On September 29, the trial court issued a capias to the Geauga County Sheriff.

{¶9} At this time, Mr. McClafferty was confined in the Portage County jail for unrelated offenses. On October 2, Geauga County placed a holder on Mr. McClafferty at the Portage County jail.

{¶10} On March 14, 2018, the Geauga County Adult Probation Department filed an amended petition for violation of community control. The petition alleged that a jury in the Portage County Court of Common Pleas had found Mr. McClafferty guilty on March 8 of two counts of forgery, both felonies of the fifth degree, theft, a felony of the fifth degree, and theft, a misdemeanor of the first degree.

{¶11} On March 30, 2018, the Portage County trial court sentenced Mr. McClafferty to consecutive prison terms of one year each for the forgery offenses, a concurrent prison term of one year for the felony theft offense, and a concurrent jail term of six months for the misdemeanor theft offense.

{¶12} In April 2018, Mr. McClafferty filed a notice of availability requesting that the trial court order his conveyance from the Lorain Correctional Institution ("LCI"), where he was serving his prison sentence, to Geauga County for the purpose of answering the alleged community control violation.

3

{¶13} In May 2018, the trial court issued a warrant of removal to the Geauga County Sheriff. The sheriff returned the warrant on July 2018 with a notation that LCI refused to release Mr. McClafferty.

{¶14} In November 2018, Mr. McClafferty filed a renewed notice of availability. On December 5, 2018, the trial court issued another warrant for removal, and the Geauga County Sheriff conveyed Mr. McClafferty from LCI to the Geauga County jail on December 13, 2018.

{¶15} On December 18, 2018, the trial court held a hearing on the petition for violation of community control. The trial court's docket entry indicates that Mr. McClafferty pleaded guilty to the violation; that the trial court sentenced him to 18 months in prison to run concurrent to the prison terms imposed in Portage County; and that the trial court ordered the parties to submit briefs by January 2, 2019 regarding the issue of jail-time credit.

{¶16} On December 27, 2018, the Supreme Court of Ohio issued its decision in *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, where a majority of the court held that "[a] defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case." *Id.* at syllabus.

{¶17} On January 2, 2019, the state filed a brief arguing that Mr. McClafferty was only entitled to one day of jail-time credit based on *Cupp*. According to the state, Mr. McClafferty requested jail-time credit from September 29, 2017, when the trial court issued the capias, until December 18, 2018, when the trial court imposed sentence on his community control violation. The state argued that during this time period, Mr. McClafferty was incarcerated as a result of unrelated criminal cases in Portage County.

4

{¶18} Mr. McClafferty's counsel filed a supplemental brief arguing that Mr. McClafferty's sentence was final prior to *Cupp* and that the trial court should not apply the case retroactively.

{¶19} Mr. McClafferty, pro se, filed a document entitled "notice to court pertaining to dates and jail-time credit." Mr. McClafferty contended that he was incarcerated in the Portage County jail when the trial court issued the capias on September 29, 2017; that the jail administrator served him with a "holder/detainer" on October 1, 2017; and that he did not begin serving a prison sentence until the Portage County trial court imposed sentences on March 30, 2018. Mr. McClafferty presented alternate jail-time credit calculations: If the trial court applied *Cupp*, he was entitled to 181 days of jail-time credit from October 1, 2017 through March 30, 2018; otherwise, he was entitled to 454 days of jail-time credit from October 1, 2017 through December 28, 2018, the latter of which is the date he served his pro se "notice."

{¶20} On January 10, 2019, the trial court issued an order memorializing Mr. McClafferty's guilty plea and sentence and the fact that the parties were to brief the issue of jail-time credit by January 2.

{¶21} On January 23, 2019, the trial court issued an order granting Mr. McClafferty five days of jail credit from December 13, 2018, when the warrant for removal was returned, through December 18, 2018, when it imposed sentence on the community control violation. The trial court found that December 13 was "the first date and the earliest date" that Mr. McClafferty was available to come before it to answer the petition for violation of community control.

{¶22} Mr. McClafferty did not appeal either of the trial court's orders.

5

{¶23} On August 1, 2019, Mr. McClafferty, pro se, filed a motion for additional jail-time credit allegedly "based on newly obtained documentation," arguing that he was entitled to jail-time credit of 180 days from October 2, 2017, when the Geauga County Sheriff placed a holder on him while he was incarcerated in the Portage County jail, through March 30, 2018, when the trial court in Portage County imposed sentences for the unrelated offenses.

{¶24} Mr. McClafferty attached a copy of a journal entry from the Portage County trial court issued in response to his motion to compel production of records regarding holders that other counties had placed on him while incarcerated in the Portage County jail. The journal entry attached documentation from jail personnel confirming that Geauga County had placed a holder on Mr. McClafferty on October 2, 2017.

{¶25} Mr. McClafferty claimed that the trial court did not previously address whether he was entitled to jail-time credit for the period of time when he was held in the Portage County jail while Geauga County had a holder in place. He presumed the reason was because he was unable to produce evidence of the existence of the holder.

{¶26} The state filed a response opposing Mr. McClafferty's request for additional jail-time credit, and Mr. McClafferty filed a reply brief.

{¶27} In December 2019, the trial court issued an order denying Mr. McClafferty's motion, finding that Mr. McClafferty's confinement in the Portage County jail was prior to the prosecution or adjudication of the alleged violation of community control and did not arise out of that offense. The trial court noted that Mr. McClafferty's request related to the same period of time it had addressed in its prior order.

{¶28} Mr. McClafferty appealed and presents the following sole assignment of error for our review:

6

{¶29} "The trial court erred by not awarding Mr. Brett McClafferty the full amount of credit for time served he was due."

**Standard of Review**

{¶30} Mr. McClafferty filed his motion for additional jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii), which provides, in relevant part, as follows:

{¶31} "The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of jail-time credit] under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion." (Footnotes deleted.)

{¶32} Thus, a trial court's denial of a motion to correct jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii) is reviewed under an abuse of discretion standard. *State v. Ragland*, 2d Dist. Champaign No. 2018-CA-11, 2018-Ohio-3292, ¶18. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶33} When an appellate court is reviewing a pure issue of law, the mere fact that the reviewing court would decide the issue differently is enough to find error (although harmless errors and errors not preserved for appellate review are not reversible). *Id.* at ¶67, fn. 2. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.* at ¶67.

**R.C. 2929.18(B)(2)(g)(iii)**

{¶34} In his sole assignment of error, Mr. McClafferty challenges the trial court's denial of his motion for additional jail-time credit.

{¶35} We find that the trial court properly denied Mr. McClafferty's motion for additional jail-time credit but for different reasons than stated by the trial court. Specifically, Mr. McClafferty did not establish that the trial court retained continuing jurisdiction under R.C. 2929.18(B)(2)(g)(iii) to correct the alleged error raised in his motion.

{¶36} The Supreme Court of Ohio has held in relation to jurisdiction that "[a] trial court lacks authority to reconsider a final judgment in a criminal case." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, paragraph one of the syllabus. However, effective September 28, 2012, the legislature expanded the general relinquishment of jurisdiction by enacting what is now R.C. 2929.19(B)(2)(g)(iii). *See State v. Bryant*, 10th Dist. Franklin No. 19AP-241, 2020-Ohio-363, ¶18. This provision states that "[t]he sentencing court *retains continuing jurisdiction to correct any error not previously raised at sentencing* in making a determination" regarding jail-time credit. (Emphasis added.)

{¶37} Prior to the enactment of this provision, an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶11. Motions to correct errors made in determining jail-time credit that were filed outside the time allowed for appeal were barred by the doctrine of res judicata. *Id*.

{¶38} R.C. 2929.19(B)(2)(g)(iii) now permits an offender to file a motion to correct an error in determining jail-time credit "at any time after sentencing," and the sentencing court "retains continuing jurisdiction to correct any error" in determining jail-time credit that

8

was "not previously raised at sentencing." *Thompson* at ¶12. The Supreme Court of Ohio has held that a trial court's determination of a motion filed under R.C. 2929.19(B)(2)(g)(iii) constitutes a "special proceeding." *Id.*

{¶39} Notably, the statute does not require that the *subject* of jail-time credit had not been previously raised at all during sentencing, only that "any *error*" had not been previously raised at sentencing. (Emphasis sic.) *Bryant* at ¶21. Thus, this court and others have held that if an issue regarding jail-time credit was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit. *See, e.g., State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0116, 2016-Ohio-5572, ¶15; *State v. Moore*, 11th Dist. Ashtabula No. 2017-A-0001, 2017-Ohio-4129, ¶17; *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209 & 15AP-214, 2015-Ohio-4465, ¶9.

{¶40} This court has also held that "in moving for an additional credit, the defendant has the burden of demonstrating that [his or her] argument was not previously considered at sentencing." *Guiterres* at ¶15, citing *Smith* at ¶9.

**Analysis**

{¶41} Mr. McClafferty contends that the trial court erred by failing to grant him jail-time credit for the time period he was confined in the Portage County jail between October 2, 2017, when the Portage County jail received a holder from Geauga County relating to the underlying offense, until March 30, 2018, when the Portage County trial court imposed sentences on unrelated offenses.

{¶42} Mr. McClafferty claimed in his motion for additional jail-time credit that the trial court did not previously address whether he was entitled to jail-time credit for this time period and presumed it was because he was unable to produce evidence of the

9

existence of the Geauga County holder. However, a review of the record demonstrates that Mr. McClafferty's assertions are incorrect.

{¶43} The trial court's docket entry issued after the sentencing hearing indicates that it imposed sentence and ordered the parties to brief the issue of jail-time credit. Mr. McClafferty, pro se, filed a document entitled "notice to court pertaining to dates and jail-time credit" in which he presented alternate jail-time credit calculations: (1) 181 days from October 1, 2017, when the Portage County jail administrator served him with a "holder/detainer," through March 30, 2018, when the Portage County trial court imposed sentences on the unrelated offenses, or (2) 454 days from October 1, 2017 through December 28, 2018. Both proposed calculations begin on the date Geauga County placed the holder.

{¶44} In its order granting Mr. McClafferty five days of jail-time credit, the trial court expressly acknowledged his request for 454 days, but it resolved the motion on different grounds than the Geauga County holder. Therefore, the trial court necessarily did not address whether Mr. McClafferty had established the existence of the holder.

{¶45} Although Mr. McClafferty's motion for additional jail-time credit requested 180 days of additional jail-time credit rather than 181 days, the basis of his argument was the same - the existence of the Geauga County holder. Further, in its order denying his motion, the trial court noted that Mr. McClafferty was again requesting jail-time credit for the same period of time already addressed by its prior order.

{¶46} Thus, the record demonstrates that the trial court considered and rejected the merits of Mr. McClafferty's holder argument in its initial determination of jail-time credit. *See Moore, supra*, at ¶18 (holding that the trial court properly denied a defendant's motion

10

for additional jail-time credit where the record reflected that the trial court had already considered and rejected his argument regarding the existence of a holder).

{¶47} Although Mr. McClafferty raised the holder argument in the brief he filed shortly after the sentencing hearing, this does not mean it was not raised "at sentencing" for purposes of R.C. 2929.19(B)(2)(g)(iii). Courts have recognized that the necessary facts concerning a defendant's confinement are often not known to the court at the sentencing proceeding. *See State v. Flemings*, 2d Dist. Montgomery No. 24615, 2011-Ohio-4286, ¶34. In that circumstance, "the court must make a delayed determination, and due process then requires that the defendant have notice of and an opportunity to be heard concerning the finding the court proposes to make." *Id.*

{¶48} Here, the record indicates that the issue of jail-time credit was addressed at the sentencing hearing, and Mr. McClafferty was given another opportunity to be heard through briefing. Thus, the trial court's order determining jail-time credit was a continuation of Mr. McClafferty's sentencing proceeding and not a special proceeding in response to a post-conviction motion. *See Thompson*, *supra*, at ¶12.

{¶49} Finally, we note that the trial court utilized separate entries to journalize Mr. McClafferty's judgment of conviction and to grant jail-time credit. Under Crim.R. 32(C), "[a] judgment of conviction shall set forth the fact of conviction and the sentence." According to the Supreme Court of Ohio, however, "[t]he decision whether to credit pretrial confinement days is simply not part of the sentence." *In re D.S.*, 148 Ohio St.3d 390, 2016-Ohio-7369, ¶20, quoting *State v. Gregory*, 108 Ohio App.3d 264, 268 (1st Dist.1995). "Credit for jail time is not open to tailoring to the individual case in the same sense as sentencing, because once the *sentence has already been rendered*, the

11

remaining calculation is merely a computation of how much time has been served and how much remains." (Emphasis sic.) *Id.*

{¶50} In addition, the Second District has held that Crim.R. 32(C) "does not require the court to also state any jail-time credit against a sentence of incarceration the court imposes in the judgment of conviction." *State v. Venable*, 2d Dist. Montgomery No. 24020, 2010-Ohio-6211, ¶24. Rather, "the court may instead state any credit that applies by way of a separate entry, filed promptly after the judgment of conviction is journalized." *Id.*

{¶51} In any event, neither order is the subject of this appeal, and Crim.R. 32(C) errors are considered clerical mistakes subject to nunc pro tunc correction. *See State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, ¶10.

{¶52} The record demonstrates that Mr. McClafferty previously raised his argument regarding jail-time credit at the sentencing proceeding. Accordingly, Mr. McClafferty cannot establish that the trial court retained continuing jurisdiction under R.C. 2929.19(B)(2)(g)(iii) to correct the alleged error raised in his motion for additional jail-time credit. The appropriate procedure was for Mr. McClafferty to appeal the trial court's prior order granting only five days of jail-time credit, which he failed to do.

{¶53} Based on the foregoing, the trial court did not abuse its discretion in denying Mr. McClafferty's motion for additional jail-time credit.

{¶54} Mr. McClafferty's sole assignment of error is without merit.

{¶55} The judgment of the Geauga County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,
THOMAS R. WRIGHT, J.,
concur.

12