[Cite as *State v. Barr*, 2022-Ohio-1011.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

HARRY BARR,

        Defendant-Appellant.

CASE NO. 2021-P-0105

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2006 CR 00379

## O P I N I O N

Decided: March 28, 2022
Judgment: Affirmed

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Harry Barr,* pro se, PID# A522-149, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Harry Barr, appeals, pro se, the September 16, 2021 judgment of the Portage County Court of Common Pleas denying his motion for jail-time credit. For the reasons set forth herein, the judgment is affirmed.

{¶2} In September 2007, Mr. Barr pleaded no contest to one count of attempted rape, a felony of the second degree, in violation of R.C. 2907.02(A)(2) and 2923.03. The court accepted his plea, found him guilty, and ultimately sentenced him to a fine and eight years imprisonment to be served consecutively with the prison term he was already serving. The court granted him 147 days jail-time credit.

{¶3} Mr. Barr timely appealed primarily arguing a violation of his speedy trial rights; upon review, this court affirmed his conviction and sentence. *State v. Barr,* 11th Dist. Portage No. 2008-P-0031, 2009-Ohio-1146. Over a decade later, Mr. Barr filed a motion in the lower court seeking additional jail-time credit. The trial court denied the motion. Mr. Barr now appeals, assigning one error for our review, which states:

{¶4} The trial court abused its discretion when it denied Defendant's Motion for Jail Time Credit pursuant to R.C. 2929.19(B)(2)(g)(iii).

{¶5} R.C. 2929.19(B)(2)(g)(iii) states in pertinent part:

{¶6} The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of jail-time credit] under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

{¶7} "Thus, a trial court's denial of a motion to correct jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii) is reviewed under an abuse of discretion standard." *State v. McClafferty*, 11th Dist. Geauga No. 2020-G-0238, 2020-Ohio-3238, ¶32. "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.,* quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004).

{¶8} Mr. Barr seeks an additional 303 days for the time he served in the Cuyahoga County Jail. Both parties agree that a defendant is not entitled to jail-time credit for periods of incarceration on an unrelated case. *See, e.g., State v. Ulatowski,* 11th Dist. Geauga 2019-G-0221, 2020-Ohio-862, ¶30. Nevertheless, Mr. Barr asserts he should have been granted time for the following periods of incarceration:

2

{¶9} April 11, 2006 to February 8, 2007 (303 days in Cuyahoga County Jail)

{¶10} February 22, 2007 to March 8, 2007 (14 days in Portage County Jail)

{¶11} June [14], 2007[1] to October 25, 2007 (133 days in Portage County Jail)

{¶12} As the court granted Mr. Barr 147 days jail-time credit for the latter two periods spent in the Portage County Jail, the only remaining issue is whether Mr. Barr was serving time in the Cuyahoga County Jail on an unrelated case when he was indicted and served with the warrant in the subject case. Though his reply brief states "[a]ppellant asserts that he was not 'serving time on two Cuyahoga County cases,'" he admits in his appellate brief that "[a]t the time the indictment(s) and arrest warrant were filed in this case, Appellant was in the Cuyahoga County Jail under case number[s] CR-06-480727 and CR-06-477447, where Appellant remained until February 8, 2007." Neither of those case numbers appear to be related to the case at bar.

{¶13} Mr. Barr also asserts that he "was not under any sentence [in the Cuyahoga County jail] until February 6, 2007." The argument Mr. Barr appears to be making is that because he was not yet sentenced in the unrelated case, the time held in Cuyahoga County Jail should count toward his jail time credit in this case. However, even accepting as true that Mr. Barr had not yet been sentenced in the Cuyahoga County case, that fact would not preclude the possibility that Mr. Barr was nevertheless being held on an unrelated case or cases.

{¶14} R.C. 2967.191(A) states in pertinent part:

---

1. Mr. Barr's brief states June 4, 2006. However, this appears to be a typographical error as the record shows he was conveyed on June 14, 2006, and according to his mathematical calculations, it appears Mr. Barr was calculating time based on a date of June 14, 2006, not June 4, 2006.

3

{¶15} The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined *for any reason arising out of the offense* for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *." (Emphasis added.).

{¶16} Whether the time spent in the Cuyahoga County Jail counted towards his jail-time credit in those Cuyahoga County cases would have been a decision for the Cuyahoga County Court and is not before us for review. It is irrelevant to the calculation of jail-time credit in this case whether Mr. Barr was being held in the Cuyahoga County Jail before or after sentencing in the unrelated case; the question instead is limited to whether he was being held on an unrelated case.

{¶17} The trial court apparently found, and Mr. Barr himself acknowledged, that the time he spent in Cuyahoga County Jail from April 11, 2006 to February 8, 2007 was on two Cuyahoga County cases unrelated to the case at bar. After a careful review of the record, we find nothing in the record to indicate the trial court erred in its computation of Mr. Barr's jail-time credit. His sole assignment of error is not well taken.

{¶18} The judgment of the Portage County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

4

Case No. 2021-P-0105